GEORGE L. DALE, Respondent, *v.* THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, Appellant.

Plaintiff was a passenger in one of defendant's cars; he was seated near an open window, with his elbow on the window-sill; while passing over a bridge his elbow was struck by some substance, and his arm broken. In an action to recover damages for the injury, the grounds upon which negligence was claimed to be imputable to the defendant were, that the bridge, which was a truss bridge of wood, with the truss work sheathed on the inside with boards, was too narrow for the safe passage of the car, and that it was out of repair, some of the boards lining the truss work being warped and loose. These positions were controverted by defendant. It appeared that some months after the accident the bridge was removed and replaced by an iron bridge, the trusses of which did not come up as high as the window-sills of the cars, and the change of material left more space between the sides of the new bridge and the track. The court charged the jury that they might "take that fact into consider-

ation in determining whether the defendants were not guilty of negligence in allowing the old bridge to remain." *Held,* error.

(Argued April 2, 1878; decided May 21, 1878.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment in favor of plaintiff, entered upon a verdict.

This action was brought to recover damages for injuries alleged to have been sustained by plaintiff, caused by defendant's negligence. On the 3d August, 1871, plaintiff was a passenger in one of defendant's cars. He was seated near an open window, with his elbow on the window-sill. While passing over a bridge his elbow was struck by some substance and his arm was broken.

The further material facts appear in the opinion.

*Hamilton Cole,* for appellant. The court erred in charging the jury that they might, in determining whether defendant was not guilty of negligence in allowing the old bridge to remain, consider the fact that it had replaced it by a new one of iron and wider. (*Dougan* v. *Champ. Tr. Co.,* 56 N. Y., 1; *Salters* v. *D. and H. Co.,* 3 Hun, 338; *King* v. *N. Y. Cent.,* 4 id., 776; *Payne* v. *Troy and B. Co.,* 9 id., 526; *Sewell* v. *City of Cohoes,* 11 id., 626; *Baird* v. *Daly,* 68 N. Y., 547.) Plaintiff was chargeable with notice of the character and location of the bridge. (*Mersey Dock* v. *Gibbs,* 11 H. of L. Cas., 687; *McClurg's Case,* 56 Pa., 294, 297, 298; 7 All., 207; 39 Ind., 329; 5 Bush., 1.) The court should have charged as requested, that defendant's agreement or undertaking to carry the plaintiff safely was conditioned upon his keeping himself entirely within the limits of the car intended for and appropriated to passengers. (*Todd* v. *Old Colony Co.,* 3 All., 18; 7 id., 207; *I. and C. Co.* v. *Rutherfurd,* 29 Ind., 82; *Pitts. and McC. Co.* v. *McClurg,* 56 Pa., 294; *Pitts., etc., Co.* v. *Andrews,* 39 Md., 329; *L. and N. Co.* v. *Sickings,* 5 Bush., 1; *Holbrook* v. *U and S. Co.,* 12 N. Y., 236; *State* v. *Grand*

*Trunk Co.*, 56 Me., 176; *Palmer* v. *Kelly*, 56 N. Y., 637; *Algur* v. *Gardner*, 54 id., 364; *Rouse* v. *Lewis*, 2 Keyes, 359; *Storey* v. *Brennan*, 15 N. Y., 526, 528; *Lakey* v. *Loomis*, 2 Hun, 516; *Underhill* v. *Harlem Co.*, 21 Barb., 489; *Brague* v. *Lord*, 67 N. Y., 500; *Booth* v. *B. and A. Co.*, 67 id., 593.) The court should have charged that the proof was insufficient to hold the defendant, on the ground that the boards on the side of the bridge were loose so as to be dangerous to passengers. (*Cotton* v. *Wood*, 98 C. L., 566; *Banlec* v. *Harlem Co.*, 59 N. Y., 366; *McCaig* v. *Erie Co.*, 8 Hun, 602; *Morrison* v. *N. Y. and N. H. Co.*, 32 Barb., 574; *Lewis* v. *B. and O. Co.*, 13 A. L. R. [N. S.], 286; *Fay* v. *Grimstead*, 10 Barb., 321, 322; *Underhill* v. *Harlem Co.*, 21 id., 489; *Moore* v. *Erie Co.*, 7 Lans., 40.) It was error to receive evidence as to what width between the outside of the window and the side of the bridge would constitute a properly constructed bridge. *Swartwout* v. *N. Y. Cent.*, 7 Hun, 571; *T. P. and W. Co.* v. *Conroy*, 68 Ill., 560; *Jeff. Ins. Co.* v. *Cotheal*, 7 Wend., 72; *Payne* v. *Hodge*, 7 Hun, 612.) The fact of the accident raised no presumption of negligence against defendant. (*Gandy* v. *C. and N. W. Co.*, 3 Iowa, 420; *Losee* v. *Buchanan*, 51 N. Y., 476; *Curran* v. *Warren C. and M. Co.*, 36 id., 156; *Curtis* v. *R. and S. Co.*, 18 id., 538; *Egerton* v. *Harlem Co.*, 39 id., 229; *Reed* v. *N. Y. Cent.*, 56 Barb., 493; *Brehm* v. *G. W. Co.*, 34 id., 256; *Christie* v. *Griggs*, 2 Camp., 79; *Holbrook* v. *U. and S. Co.*, 12 N. Y., 236.)

*Horace E. Smith*, for respondent. Defendant was bound to use every precaution which human skill, care and foresight can provide in adopting new improvements on its road for the protection of its passengers. (*Caldwell* v. *N. J. Stbb. Co.*, 47 N. Y., 282, 288; *Holbrook* v. *U. and S. R. Co.*, 12 id., 236, 243; S. & R. on Neg., § 447.) Plaintiff was only bound to exercise that ordinary prudence and attention a person would use under the circumstances. (S. & R. on Neg., § 282; *Cook* v. *N. Y. C. R. R. Co.*, 3 Keyes, 479;

*Ernst* v. *H. R. R. R. Co.,* 35 N. Y., 9, 26.)    Proof as to
the width of the bridge was proper.    (*Brehm* v. *G. W. R.
Co.,* 34 Barb., 256, 260, 275–276; *Wild* v. *N. Y. and
Austin S. M. Co.,* 59 N. Y., 644; *McGrath* v. *N. Y. and
H. R. R. R. Co.,* 63 id., 522; *West. and Phila. R. R. Co.*
v. *McElwee,* 67 Penn. St., 311.)

RARALLO, J.    The grounds upon which negligence was
claimed to be imputable to the defendant were, that the
bridge was too narrow for the safe passage of the car in which
the plaintiff was riding, and that the bridge was out of repair,
some of the boards on the side being loose and warped, and
liable to project ; and it was urged on the trial that the injury
to the plaintiff's arm was attributable to these defects in the
bridge.    All these positions were controverted by the defend-
ant.    It claimed that the side of the car not having come in
contact with any part of the bridge the plaintiff's elbow
could not have been hit, unless it projected out of the win-
dow, beyond the side of the car, and that it was negligent
on his part to occupy the window with his arm, or to
allow any part of his arm to project out of it.    It
appeared in evidence that the bridge in question was
constructed of wood.    It was a truss bridge, the inside of
the truss-work being covered with a sheathing of boards.    The
distance between the outside of the window-sill of the car
and the inside of the truss-work on the side on which plain-
tiff was sitting was seven inches.    The bridge had been in
use a number of years before the accident, about fifty passen-
ger trains crossing it daily.    The accident took place in
August, 1871.    In the following year the wooden bridge
was taken down and a new one of iron placed upon the same
foundation.    The trusses of the new bridge did not rise as
high as the window sill.    Testimony was received, under
objection, to the effect that on the new bridge the distance
between the rails and the sides of the trusses were greater
than on the old one ; but it appeared that this difference
arose from the fact that the new trusses being of iron occu-

pied less space than the wooden ones.   The judge, at the
trial, submitted to the jury the question, among others,
whether the old bridge was too narrow for the cars used upon
it ; and he specially called their attention to the fact that it
appeared that some few months after the accident a new iron
bridge was built and placed upon the same foundation as the
old bridge, but that it was wider, because of the material
being iron instead of wood, and he charged the jury : " You
may take that fact into consideration in determining whether
the defendants were not guilty of negligence in allowing the
old bridge to remain."

We think that this was error.   The change in the bridge,
from wood to iron, was made a considerable time after the
accident, and there was no circumstance or evidence connect-
ing it in any way with that occurrence, or tending to show
that it was other than an ordinary betterment of the road.
The circumstance that the change of material left more space
between the sides of the trusses and the track was too
remote, we think, to have afforded legitimate ground for an
inference by the jury that the change was made for the pur-
pose of obtaining that increase of space, or that it was a con-
cession on the part of the defendant that the old bridge was
too narrow for safety.   It was a mere incident of the change of
material.   Furthermore, the increased space was of no import-
ance as bearing upon the safety of passengers, when resting
their arms upon the window-sills, for in the new bridge the
trusses were not as high as the sills.   The case is not analogous
to those in which evidence has been admitted of the repairing
of a road immediately after an accident.   In such a case the
making of the repairs may be regarded as some evidence that
they were needed, and consequently that the road was out of
repair.   But this was not a case of repairs.   It was a change
in the material and construction of the bridge, made long
after the accident, and an improvement which may have been
induced by considerations having no reference whatever to
the safety of the arms of passengers.   There was a great deal
of testimony as to the old bridge being in safe condition at

the time of the accident, and from the prominence given in the charge to the fact of its subsequent replacement by an iron bridge, that circumstance may have been the turning point in the mind of the jury. We think that this change bore too remotely, if at all, upon the question to justify its submission to the jury as a ground for finding negligence in using the old bridge, and that upon this exception a new trial should be granted. As the other exceptions may not arise upon a new trial it is not necessary now to pass upon them.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur, except MILLER, J., absent.

Judgment reversed.