WILLIAM T. HARVEY, AS ADMINISTRATOR, ETC., OF WILLIAM F. HARVEY, DECEASED, PLAINTIFF, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAIL- ROAD COMPANY, DEFENDANT.

*Railroad company — liable for injury to its servant occasioned by its failure to provide a sufficient number of employes to perform the work — employment of additional servants after an accident — when evidence of, admissible — notice to master of incompetency of servant — master liable if his negligence is the proximate cause of the accident, though another's negligence contributes thereto.*

The plaintiff's intestate, a fireman on one of defendant's engines, was killed by reason of the engine leaving the track while passing a station, owing to the misplacement of a switch. It appeared that the switchman on duty at the time of the accident had been originally employed as a baggageman and general helper, working from 7 A. M. to 11 P. M. That subsequently the force of men was reduced and he was compelled to take charge of the switches, working from twelve at night to twelve or one the next day. There were ten switches at the station, three to the west and seven to the east of it. In each day there were two local freight trains which had to be switched from one track to another; nine passenger trains which stopped at the station, and about eighty which passed it in the course of every twenty-four hours. The plaintiff claimed to recover on the grounds that the defendant negligently entrusted the duties of switching the trains to an incompetent and inexperienced person, and that it had failed to provide sufficient hands to discharge such duties, and had knowingly and unreasonably imposed upon the switchman labors which were too numerous and distracting for one man to perform.

*Held,* that the question of the defendant's negligence and failure to provide a sufficient number of employes should have been submitted to the jury, and that it was error for the court to direct a nonsuit.

Upon the trial the plaintiff offered to prove that immediately after the accident the company employed an additional switchman at the station.

*Held,* that it was error for the court to refuse to admit the evidence.

Upon the trial the plaintiff offered to prove that the switchman employed at the time of the accident had complained to his superiors, that the services required of him were too much work for one man to do, and that he had not the requisite experience to perform them.

*Held,* that it was error for the court to refuse to admit the evidence.

It was claimed by the defendant that the accident was due to the negligence of the engineer in failing to observe the condition of the switch, and that for his negligence the company was not liable.

*Held,* that the negligence of the engineer was no excuse if the accident was occa- sioned by the want of sufficient servants to do the business of the company at that station, or by the incompetence of the switchman, of which the company had notice.

MOTION for a new trial on exceptions ordered to be heard in the first instance at the General Term, after a nonsuit ordered at the circuit.

' *J. H. Martindale,* for the plaintiff.

*W. H. Adams,* for the defendant.

TALCOTT, P. J. :

This is a motion for a new trial after a nonsuit at the Wayne Circuit. The action is by the plaintiff, as the administrator of William F. Harvey, for the alleged negligence of the defendant, by which it is claimed by the plaintiff that the intestate was killed.

The intestate was a fireman in the employ of the defendant, and was killed in the course of his employment at the village of Lyons, in Wayne county, under the following circumstances : On the 5th day of January, 1877, a freight train was passing Lyons station, upon the line of the defendant's road, going west. At this time there were four tracks at the station. For the purpose of throwing cars from one track to another, there were ten switches, three at the west end of the station, and seven at the east end ; one switch at the east end of the station, and one at the west end were used for the purpose of letting the local freight trains into the freight yard, and the other switches were used for the purpose of shifting the trains from one track to another. There were two local freight trains, daily, one running each way. There were also nine passenger trains stopping at the station in the course of the twenty-four hours, but these latter trains did not ordinarily use any of the switches. The intestate was, on the day in question, employed as a fireman on an engine drawing a freight train westerly past the station, and was killed by the sudden plunge of his engine into a race way. The engine had left the track by reason of the displacement of a switch.

The gravamen of the plaintiff's case was, that the defendant had wrongfully and negligently entrusted the duties of switchman at that station to an incompetent and inexperienced person, and had failed to provide sufficient hands to discharge the care and

duties of the station, and had knowingly and unreasonably devolved upon the switchman labors which were too numerous and varied, and distracting at that station for one man to perform.

The switchman in question was one John Baldwin, who was the principal witness for the plaintiff upon the main issue in the case.

John Baldwin entered the service of the defendant as baggageman and general helper about the premises in 1870. When thus employed he commenced work at seven o'clock in the morning and remained on duty until eleven o'clock P. M. Afterwards the force at this station was reduced, and Baldwin, in addition to his duties as baggageman, was entrusted with the care of the switches. Baldwin's hours of duty were then from twelve o'clock at night to twelve or one the next day, and another person taking the duties from twelve M. to twelve at night. Usually about eighty trains passed the Lyons station in the course of the twenty-four hours. The various duties which were expected to be performed by Baldwin during the time of his "*beat*," as also the manner in which the force had been reduced, are stated in detail in the case. The nonsuit was granted after the close of the proofs on both sides, and was excepted to by the defendant, and was granted notwithstanding the request of the defendant's counsel for leave to go to the jury on the facts.

It did not distinctly appear how the switch in question came to be displaced. Baldwin was discharged from the employ of the defendant the day after this accident, and immediately another man was put there "to take care of the switches." It is undoubtedly true that it was the duty of the railroad company to the intestate to provide competent servants at Lyons to attend to the switch, and have the track in order for the passage of the train on which he was employed, and it cannot be justly claimed that the intestate, by reason of his employment, took any risk which would relieve the company as a principal from the performance of that duty. (*Flike's Case*, 53 N. Y., 564; Wharton on Neg., § 233.)

And we think that the manifold and more or less distracting duties which were expected of the defendant afforded some evidence that the number of men employed to perform them was insufficient to their due discharge. In the case of *Tinney* v. *The*

*B. and A. R. R. Co.* (52 N. Y., 632), cited by the defendant's counsel, it is expressly stated in the opinion delivered in the Court of Appeals, that the evidence failed to show that there were not enough switchmen employed to transact the defendant's business in safety. This is not a fact capable of being mathematically demonstrated, and the opinions of witnesses on the subject would be inadmissible. It is an inference to be drawn by the jury from all the facts proved in regard to the duties which were required to be performed, and the number of men employed in their performance. The jury, from their general knowledge of the ability of men engaged in various employments of life to endure labor and to concentrate and fix their attention on the performance of various duties, is the tribunal to determine the question of fact so long as there is evidence from which it may be reasonably claimed any inference against the defendant is justifiable, and we think there were facts proved in this case which made it a proper case to be decided by the jury.

We think also that error was committed in excluding the evidence that the company immediately after the accident employed an additional switchman at this station. This was so immediately after the accident that within the cases on the subject it was proper to be submitted to the jury, as a kind of admission on the part of the company that the service had been theretofore insufficiently supplied. (*Dale* v. *Del., etc., R. R. Co.*, 73 N. Y., 472; *Westfall* v. *The Erie R. R. Co.*, 5 Hun, 75.)

Also, that an error was committed in excluding the evidence that Baldwin complained to his superiors, by whom he was employed, that the services required of him were too much work for one man to do, and that he (Baldwin) had not the requisite experience to perform it. The evidence was at all events admissible as showing notice to the company of those facts. (Wharton on Neg., § 242; *Flike's Case*, 53 N. Y., 564.)

And we do not think that, if it were true that F. F. Purdy, the engineer on the train, was guilty of negligence in failing to observe the condition of the switch; that the company was thereby excused from liability, provided the accident was occasioned by the want of sufficient servants to do the business at that station, or by the incompetency of the switchman, of which

the company had notice. " If there is a proximate and discoverable cause which may have produced the injury, and which the evidence will warrant a jury in finding was sufficient for that end, it in no respect conduces to the defendant's impunity, that another cause existed which was perhaps adequate to the production of the result." (*Brehm* v. *Great Western R. R. Co.*, 34 Barb., 261, 276.)

We think, therefore, that there ought to be a new trial of the case.

HARDIN, J., concurred in the result; SMITH, J., not sitting.

New trial granted, costs to abide event.