THEODORE SCHUHLE, Appellant, *against* DANIEL CUNNINGHAM, Respondent.

(Decided January 3d, 1888.)

In an action for the loss of a wife's services, alleged to have been occasioned by injuries received through defendant's negligence, the court refused to allow the question to be put to plaintiff: "What, in your opinion, are the services of your wife worth to you?" *Held*, that this was not error; damages not being provable by opinion evidence.

The injuries were alleged to have been caused by the fall of a clothespole while being set by defendant in the rear of his tenement. The court excluded a question as to the manner in which the pole was again set in the ground after it had fallen. *Held*, that this was not error; negligence in the original setting could not be proved by the fact that defendant exercised more caution in resetting.

When a full and fair opportunity has been afforded to counsel to submit their requests for instructions, a very clear case of abuse of discretion must be made out to call for any interference with the refusal of the trial judge to receive other requests, the presentation of which has been unnecessarily delayed.

In an action for personal injuries, erroneous rejection of evidence as to
the extent of the injuries is not ground of reversal, where it is evident
that the jury rendered a verdict for defendant solely on the ground
that the injuries were not caused by his negligence.

APPEAL from a judgment of this court entered upon the
verdict of a jury and from an order denying a motion for
a new trial.

The action was brought to recover damages for the loss
of services of plaintiff's wife, and medical expenses, alleged
to have been occasioned by injuries sustained by her being
struck by a clothes-pole which fell while being erected by
defendant in the rear of tenement premises owned by him,
and in which plaintiff leased rooms. At the trial, the jury
found a verdict for defendant. A motion by plaintiff for a
new trial was denied, and judgment for defendant entered
on the verdict. From the judgment and the order denying
his motion for a new trial plaintiff appealed.

*George H. Yeaman* and *Ira Leo Bamberger*, for appellant.

*George Bethune Adams*, for respondent.

PER CURIAM. — [Present, LARREMORE, Ch. J., ALLEN
and BOOKSTAVER, JJ.] — Most of the exceptions that were
taken at the trial may be disposed of without discussion, as
it is obvious that they are not tenable. For instance, it is
plain that where it appears upon cross-examination that the
testimony given in chief was merely hearsay, the court may,
if it deems that course the best, strike out the testimony;
it is not always the wisest policy to allow the testimony to
stand, and instruct the jury to disregard it (*Sokes* v. *John-
son*, 57 N. Y. 673; *Farmers' Bank* v. *Cowan*, 2 Abb. App.
Dec. 90; *Platner* v. *Platner*, 78 N. Y. 162).

So, also, it is plain that the court properly overruled the
question put to the plaintiff, who was suing for the loss of
his wife's services: " What, in your opinion, are the services
of your wife worth to you?" The jury, not the plaintiff,

was to set a value on those services. It was the duty of the plaintiff to prove what his wife did or could do before the alleged injury, and what she did or could do after she had been injured. With these data the jury might, perhaps, without other facts, estimate what compensation the plaintiff should receive. Damages cannot be proved by what is called "opinion evidence;" they must be assessed by the jury. To aid the jury, experts may testify as to market value; but the value of a wife's services to her husband is not susceptible of proof by the opinion that the husband may express concerning them.

It was perfectly proper to exclude the question as to the manner in which the pole was set in the ground after it had fallen, and injured the wife of the plaintiff. Ordinarily negligence cannot be shown by proof of what occurred subsequently to the happening of an accident (56 N. Y. 1–8). There are cases in which an injury is caused through the disrepair of an article, and in such cases the fact that repairs have been made directly after the accident is regarded as proof that the article was out of repair when the injury occurred (*Dale* v. *Delaware &c. R. Co.*, 73 N. Y. 472). To prove that a pole, which was designed to be for the permanent use of the tenants of the house, was re-erected after it had fallen down, did not tend to prove negligence in the original setting of it, nor could an inference fairly be drawn that the original setting was negligent from the fact that the defendant, when re-setting it, determined to increase the depth of the hole in which it was to be sunk. That the pole was negligently set at the time of the accident was not to be proved by testimony that the defendant displayed excessive caution in re-setting it.

We think that there was no abuse of power in the course taken by the judge with respect to the last request for instructions that the plaintiff presented. The plaintiff had already handed up certain written requests for instructions, and these the court had passed upon. After the jury had been charged at length, and when they were about to retire, the plaintiff orally asked the judge to give another instruc-

tion to the jury. The judge said, "All your requests to charge should have been submitted in writing before the summing up." This observation was eminently proper. Abundant opportunity to present instructions had been given. The plaintiff had availed himself of it, and had submitted a number of requests. It was not at all strange that under these circumstances the court expressed the opinion that all the requests should have been presented together, and in time to enable the court to examine them. There must be a time at which the presentation of requests should cease, else we should find that, after the jury had retired, requests to charge would be made, sometimes to the serious inconvenience of the court, and of counsel in another suit the trial of which has been begun (see *Maurer* v. *People*, 43 N. Y. 1; Code Civ. Proc. § 992). We do not question the right of counsel to present requests, or the duty of the court to pass upon them, but it is essential to the orderly conduct of a trial that the court should have the power to put an end to the presentation of requests to charge, as it may put an end to a cross-examination unreasonably spun out. In *Chapman* v. *McCormick* (80 N. Y. 480) no opportunity at all was given to counsel to present their requests, and the refusal of the trial judge to allow counsel to state the propositions of law which they believed to be applicable to the facts, was adjudged by the Court of Appeals to be ground for the reversal of the judgment. But when a full and fair opportunity has been afforded to counsel to submit their requests for instructions, a very clear case of abuse of discretion must be made out to call for any interference with the refusal of the trial judge to receive other requests, the presentation of which has been unnecessarily delayed.

Some exceptions were taken to the rejection of testimony that was offered to show the severity of the woman's injuries, but in the view that we take of the case it is not necessary to examine them in detail, because the verdict leaves no room for doubt that the jury found that the woman was not injured through the negligence of the defendant. The controlling question in the case was, not whether she had been

badly crippled, and was very infirm of body, but whether the ailments that she suffered from were caused by the falling of a pole, negligently placed by the defendant in the yard. The court instructed the jury that they must find for the plaintiff if they believed that she was injured by "the falling of the pole, and if her injuries were due to the defendant's negligence, and she herself did not by her own negligence help to bring about the accident that caused the injury." Under this charge of the court the jury found for the defendant. The verdict may have been founded on any one of these three conclusions: first, that the pole did not fall upon the woman; or, secondly, if it did fall, it was not through the defendant's negligence; or, thirdly, that conceding that the pole fell in consequence of the defendant's negligence, yet the woman by neglect on her own part brought about the accident. Whichever of these three conclusions was arrived at, it is evident that it rendered an assessment of damages unnecessary; and an erroneous ruling that bore merely upon the quantum of damages, could not possibly have changed the result. The court further said: "If Mrs. Schuhle were injured by the falling of the pole," etc., "you will approach the consideration of the extent of her injuries, and the amount of damages. The plaintiff is entitled to a fair compensation for the loss of his wife's services, and the moneys expended for her care and treatment. You may consider whether the injuries which you find were sustained are likely to be permanent."

There was in the case ample evidence that the woman had been sick, that the plaintiff had been deprived of her services for a long time, and that he had expended a considerable sum for nursing her, and for medical attendance upon her. These damages the plaintiff must have recovered under the charge of the court if the jury had believed that the woman had been injured by the falling of the pole. The main contest in the case was, as the testimony discloses, over this question: did the pole when it fell strike the woman at all? The jury found that it did not, and the verdict was well supported by the evidence.

· We are of opinion, therefore, that the judgment and the order appealed from should be affirmed, with costs. ·

Judgment affirmed, with costs.