ROBERT CORCORAN, Respondent, v. THE VILLAGE OF PEEKSKILL, Appellant.

In an action against a municipal corporation to recover damages for personal injuries sustained by plaintiff from falling into an area in front of a house adjoining one of defendant's streets, which plaintiff alleged the defendant had negligently allowed to be left open and unfenced, in which action the question as to whether the area was sufficiently guarded to protect travelers, was upon the evidence one of fact for the jury, *held*, that the reception of testimony on the part of plaintiff, that after the accident the owner of the premises built a fence around the area was incompetent.

*It seems* the testimony would have been incompetent had defendant itself erected the fence.

(Argued December 15, 1887; decided January 17, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 9, 1884, which affirmed a judgment in favor of plaintiff entered upon a verdict and affirmed an order denying a motion for a new trial.

This action was brought to recover damages for personal injuries sustained by plaintiff from falling into an area in front of a dwelling-house on one of defendant's streets. Plaintiff alleged negligence on the part of defendant in allowing the area to remain open and unfenced. It appeared that there was a stone wall or parapet about a foot high and fourteen inches wide along the outer edge of the sidewalk in front of the area.

The further material facts are stated in the opinion.

*J. D. McMahon* for appellant. The burden was on the plaintiff to make out a clear case, both of negligence of defendant and of his own innocence of negligence. ( *Wilds* v. *H. R. R. R. Co.*, 24 N. Y. 432; *Warner* v. *N. Y. C. & H. R. R. R. Co.*, 44 id. 465, 471; *Reynolds* v. *N. Y. C. & H. R. R. R. Co.*, 58 id. 248, 250.) In such case notice to the corporation of the existence of the defect which caused the injury or facts from which notice thereof may reasonably be inferred or proof of circumstances from which it appears that the defect ought to have been known and remedied by it is essential to liability. (*Hart* v. *City of Brooklyn*, 36 Barb. 226; *Griffin* v. *Mayor, etc.*, 9 N. Y. 456; Dillon on Mun. Corp., §§ 1024, 1051 and *note*, 1052.) Evidence, after the accident to plaintiff, that somebody had erected a fence around the area and that the fence was there at the time of the trial was erroneously received. (*Dale* v. *Del., L. & W. R. R. Co.*, 73 N. Y. 468–472; *Dougan* v. *C. T. Co.*, 56 id. 1, 8; *Payne* v. *T. & B. Co.*, 9 Hun, 526; 2 Dillon on Mun. Corp. 1051 and *note*; *Salters* v. *D. & H. C. Co.*, 3 Hun, 338, 341.) The photograph of the premises was inadmissible as evidence. (*Hynes* v. *McDermott*, 82 N. Y. 41; *Cowley* v. *People*, 83 id. 464, 477–479; *Ruloff* v. *People*, 45 id. 213, 224, 225; *Cozzins* v. *Higgans*, 1 Abb. Ct. App. Cas. 451,

453 ; *S. C.*, 3 Keyes, 206.)    The court erred in denying defendant's motion for a nonsuit made at the close of the plaintiff's case upon the ground that he had furnished no evidence of his freedom from contributory negligence.    (*Reynolds* v. *N. Y. C. R. R. Co.*, 58 N. Y. 248, 249 ; *Wendell* v. *N. Y. C. R. R. Co.*, 91 id. 420–426 ; *Becht* v. *Corbin*, 92 id. 658 ; *Wilds* v. *H. R. R. R. Co.*, 24 id. 430, 433, 434 ; *Warner* v. *N. Y. C. & H. R. R. R. Co.*, 44 id. 465, 471 ; *Cordell* v. *Same*, 75 id. 330, 332, 333 ; *Hale* v. *Smith*, 78 id. 480, 483, 484.)    The corporation was responsible only for a reasonable diligence to repair the defect after the unsafe condition of the street is known or ought to have been known. (2 Dillon on Mun. Corp., §§ 1015, 1024.) The duty was upon the plaintiff to exercise the ordinary, reasonable care of a prudent man.    (*Bieseigel* v. *N. Y. C. R. R. Co.*, 14 Abb. [N. S.] 30, 31.)

*E. Countryman* for respondent.    The evidence was abundant to sustain the charge of negligence against the village. (2 Dillon's Mun Cor. [3d ed.] § 1024 ; *Wendell* v. *City of Troy*, 4 Abb. Ct. App. Dec. 563 ; *Hume* v. *Mayor, etc.*, 74 N. Y. 265 ; *Oliver* v. *Worcester*, 102 Mass. 490 ; *Weed* v. *Ballston Spa*, 76 N. Y. 630 ; *Niven* v. *Rochester*, 76 id. 620 ; *Todd* v. *Troy*, 61 id. 506 ; *Requa* v. *Rochester*, 45 id. 130 ; *Niblett* v. *Nashville*, 59 Tenn. [12 Heisk.] 684, 687, 688 ; *Burnham* v. *Boston*, 10 Allen, 290, 294, 295 ; *Davis* v. *Hill*, 41 N. H. 329 ; *Willey* v. *Portsmouth*, 35 id. 304 ; *Bassett* v. *St. Joseph*, 53 Mo. 290 ; *Hayden* v. *Attleborough*, 7 Gray, 339 ; *Stack* v. *Portsmouth*, 52 N. H. 221 ; *Norwich* v. *Breed*, 30 Conn. 535 ; *Hadley* v. *Taylor*, L. R. 1 C. P. 53 ; *Barnes* v. *Ward*, 9 C. B. 392 ; *Hyatt* v. *Rondout*, 44 Barb. 386 ; 41 N. Y. 619 ; *Hay* v. *Phila.* 81 Penn. 44 ; Wharton on Negligence [2d ed.] §§ 968, 976 ; *Howe* v. *Plainfield*, 41 N. H. 135 ; *Rehberg* v. *Mayor, etc.*, 91 id. 138 ; Laws of 1883, ch. 117, tit. 5, § 3, sub. 22, tit. 7, §§ 1–5, tit. 9, §§ 1–8.) The question of contributory negligence was for the jury. (*Evans* v. *Utica*, 69 N. Y. 166 ; *Todd* v. *Tory*, 61 id. 506 ; *Niven* v.

*Rochester*, 76 id. 620.) There was no error in receiving the photograph of the area and surrounding locality in evidence. (*Udderzook* v. *Comm.* 76 Penn. 340, 352, 353; *People* v. *Cowley*, 83 N. Y. 465, 476–479; *Ruloff Case*, 45 id. 213, 224.) The declaration of a party defendant made after an accident would clearly be competent as an admission, and his subsequent acts in many cases speak quite as effectively as words. (2 Wharton on Ev. § 1018; *Westfall* v. *Erie R. Co.* 5 Hun, 75, 77; *Masterson* v. *N. Y. C. & H. R. R. R. Co.*, 84 N. Y. 252; *Pointon* v. *N. C. R. Co.* 83 id. 8, 13, 14; *Harvey* v. *N. Y. C. & H. R. R. R. Co.*, 19 Hun, 556, 559; *Breghm* v. *Gt. Western R. Co.*, 34 Barb. 260, 276; *Penn. R. Co.* v. *Henderson*, 51 Penn, 315, 320; *Westchester, etc., R. Co.* v. *McElwee*, 67 id. 311, 314; *McKee* v. *Bidwell*, 74 id. 218, 225; *Readman* v. *Conway*, 126 Mass. 374; *Baldwin* v. *N. Y. & H. Nav. Co.* 4 Daly, 314; *Searles* v. *Man. El. R. Co.*, 17 J. & S. 425; *Kelly* v. *South Minn. R. Co.*, 28 Minn. 98; *Shafer* v. *St. Paul & R. Co.*, id. 104; *Martin* v. *Towle*, 59 N. H. 31.) It is the duty of municipal authorities to exercise an active vigilance over the streets, to see that they are kept in a reasonably safe condition for public travel. (*Todd* v. *Troy*, 61 N. Y. 509; *Davenport* v. *Ruchmer*, 37 id. 572; *Wendell* v. *Troy*, 4 Abb. Ct. App. Dec. 567.)

EARL, J. Whether the area was sufficiently guarded so as to protect travelers upon the street from falling into it, was a question of fact for the determination of the jury. It was, however, a close question and therefore the defendant had the right to have it submitted to the jury upon strictly competent evidence. The plaintiff, against the objection of defendant, was permitted to prove that after the accident a fence was built around the area by the owner of the property, which substantially protected travelers against any danger from the same. This evidence we think was incompetent. Such evidence has sometimes been received by courts in cases where the party sued for an accident has, soon thereafter, made repairs or improvements for the purpose of making the

machine or structure which caused the accident more secure, convenient or safe, and its admissibility has been defended on the ground that the act of making the repairs or improvements was an admission that the machine or structure was theretofore imperfect, out of repair or unsafe. We think, however, that such evidence does not tend to prove that the party sued knew, or was bound to know, that the machine or structure was imperfect, unsafe or out of repair. After an accident has happened it is ordinarily easy to see how it could have been avoided; and then for the first time it frequently happens that the owner receives his first intimation of the defective or dangerous condition of the machine or structure which caused or led to the accident. Such evidence has no tendency whatever, we think, to show that the machine or structure was not previously in a reasonably safe and perfect condition, or that the defendant ought, in the exercise of reasonable care and diligence, to have made it more perfect, safe and secure. While such evidence has no legitimate bearing upon the defendant's negligence or knowledge, its natural tendency is undoubtedly to prejudice and influence the minds of the jury. Hence in this court, and generally in the Supreme Court, it has been held erroneous to receive such evidence. In *Salters* v. *Delaware & Hudson Canal Company* (3 Hun 338), it was held erroneous to admit evidence to show that after the accident the railroad company changed the character of its switch. LANDON, J., writing the opinion said: " The plaintiff was permitted to give evidence to the effect that after the accident the defendants substituted a target switch for the common one. Within the ruling in *Dougan* v. *Champlain Transportation Company* (56 N. Y. 1), this seems to be error. Whether the defendants were negligent was a question to be decided upon the facts as they existed at the time of the injury. What the defendants did afterward was immaterial, unless their acts could be construed as equivalent to their declaration that they were negligent at the time of the injury. But the question appears to be settled by authority and not open for discussion in this court."

In *Payne* v. *Troy & Boston Railroad Company* (9 Hun 526), the action· was to recover damages for an injury to plaintiff's horse, received while passing over a crossing upon defendant's track.    The plaintiff was allowed, against defendant's objection and exception, to show that shortly after the accident the defendant took up the planks at the crossing and replaced them by new ones.    This was held to be error.    LEARNED, P. J., writing the opinion said : " The only way in which such subsequent acts could bear upon the question would be as an admission that they had been negligent.    So a jury would be likely to understand such proof.    Yet it would plainly be unjust to the defendants that they should not take additional precautions against accidents, without the risk that these pre‐ cautions should be construed into· an admission of prior negligence.    To put down a new plank was an act which the defendants might do for various reasons.    Yet it would be easy to argue from that act to a jury, that the defendants themselves knew that the crossing had been badly constructed, or was out of repair.    It seems to me that this evidence was improperly admitted, and that· a new trial is therefore neces‐ sary."    In *Dougan* v. *Champlain Transportation Com‐ pany* (56 N. Y. 1), plaintiff's intestate slipped from the deck of a steamboat under the outer railing and was drowned, and proof was offered by the plaintiff that after the accident the defendant boarded up the space between the railing and the deck ; and this court held that the' evidence was properly excluded.    GROVER, J., writing the opinion said : " This was immaterial ; its negligence is to be determined by what was known before and at the time of the accident."    In *Dale* v. *Delaware, Lackawanna & Western Railroad Company* (73 N. Y. 468), the plaintiff was a passenger in one of defendant's · cars and was seated near an open window with his elbow on the window sill, and while passing over a bridge his elbow was struck by some substance and his arm broken.    It appeared that some months after the ˙accident the bridge was removed and replaced by an iron one with trusses that did not rise as high as the window sill.    Testimony ‘was received under

objection to the effect that on the new bridge the distance between the rails and the sides of the trusses was greater than the old one.   The court charged the jury that they might take that fact into consideration in determining whether the defendants were not guilty of negligence in allowing the old bridge to remain.   This charge was held to be erroneous.

In all the cases to which we have thus called attention the change or improvement, after the accident, was made by the defendant in the action.   But here the additional protection against danger was erected after the accident by the owner of the adjoining property, who had no connection whatever with the defendant.   Even if it could have been claimed that this act, if it had been done by the defendant or under its orders, would in any degree have been a confession that the area was previously insufficiently protected, and that thus the defendant had been previously negligent, yet the act of a stranger certainly could furnish no legitimate evidence against the defendant; and we cannot say that it did not have some influence upon the jury in reaching their verdict.

We are, therefore, of opinion that the judgment should be reversed and a new trial granted, costs to abide event.

All concur, except DANFORTH, J., dissenting.

Judgment reversed.