# CLEON STONE, by Guardian, Respondent, v. THE TOWN OF POLAND, Appellant.

*Negligence — town highway out of repair — acts and declarations of the highway commissioners subsequent to the accident, how far evidence against the town — evidence as to the subsequent repair of the highway.*

In an action brought against a town to recover the damages alleged to have been sustained by the plaintiff through the negligence of the commissioner of highways thereof, evidence as to the statements made by the commissioner, on the day following the accident, that he supposed the road had been repaired, and that he had ordered a man to make such repairs at two different times, is incompetent. (Corlett, J., dissenting.)

While the act, declaration or omission of duty of a party to a suit, whether before or after the event, may be given in evidence against him, yet where liability against a town is sought to be established by reason of the negligent omission of the commissioner of highways thereof, the declarations of the latter, when made after the injuries have been received, are not competent evidence.

While, in such an action, evidence of repairs having been made shortly after the accident may not be competent, if offered for the purpose of showing that the party charged with negligence must have known before the accident of the dan-

gerous character of the locality, yet such rule does not prevent a witness from describing the condition of the place where the accident has happened, although it may incidentally and argumentatively involve the fact that the party charged with maintaining the road has, since the accident, made repairs thereon; and evidence of the condition of the highway, from a witness inspecting it after the accident, may be proper to show the presence of funds in the hands of the highway commissioners at the time of the accident.

APPEAL by the defendant, the Town of Poland, from a judgment, entered in the above-entitled action in the Chautauqua county clerk's office on the 24th day of September, 1889; and also from an order, made at the Chautauqua County Special Term on the 12th day of May, 1890, denying the defendant's motion, made on a case containing exceptions, for a new trial.

The action was brought to recover damages alleged to have resulted to the plaintiff from injuries received upon a public highway, in the town of Poland, by reason of a certain bridge, and the approaches thereto, having been, as was alleged, out of repair and in a dangerous and unsafe condition.

It was tried at the Chautauqua County Circuit, at which a verdict was rendered in favor of the plaintiff for the sum of $1,000.

*F. W. Stevens*, for the appellant.

*A. C. Wade*, for the respondent.

MACOMBER, J.:

The verdict was rendered upon a complaint demanding damages alleged to have been sustained by the plaintiff through the negligence of the commissioner of highways of the town of Poland, by which the plaintiff on the 22d day of May, 1887, received personal injuries. After passing the bridge over Conewango river, the horse then driven by the plaintiff, either through fright at the new structure erected near the highway, or by accidentally stepping into a hole in the highway, caused the plaintiff to be thrown down an embankment.

The main question in the case was whether the commissioner of highways had omitted any duty which he owed to the traveling public in failing to make the place in question safe for travelers. It is quite evident that the verdict could not have been based upon the fact that the defect in the highway had continued so long as to

charge the commissioner with negligence in 'failing to discover its existence. The negligence of the defendant was established, if at all, by the evidence of three witnesses, who testified, under objection and exception by the defendant's counsel, that the commissioner said, on the day following the accident, that he supposed the road had been repaired, and that he had ordered a man to make such repairs at different times. The exception to this evidence presents the main ground upon which the appellant's counsel asks for a reversal of the judgment.

Chapter 700 of the Laws of 1881, making towns responsible for injuries where theretofore the commissioner of highways alone was held liable, has introduced no new rule of evidence. The admissions of a person not a party to the action are, in this class of cases as in all others, inadmissible because they are mere declarations of persons not parties to the action, and afford no reliable evidence upon which courts can safely pronounce judgment. It is only when the act or declaration of a person forms part of a transaction, and is a fact in issue, that such act or declaration is competent to be given in evidence, and then only in order to show the purpose or character of the transaction or to explain its meaning. In the case before us the liability of the defendant depends upon the performance or the non-performance of the duty of a third person, namely, the commissioner of highways. His act, declaration or omission of duty is competent in an action against the town only when the act, declaration or omission of duty occurred in the course of his business in respect of his duties as such highway commissioner. Had he stated to either of these three witnesses, before the time of the accident, that he had required a subordinate to repair the defect in the highway, there would have been presented conclusive evidence of his actual knowledge of the dangerous condition of the highway and of the necessity of repairs. That would be a fact germane to the case, but his unsworn declaration that he had given such directions, made after the accident, is not any evidence of such knowledge.

The general rule undoubtedly is that the act, declaration or omission of duty of a party to a suit, whether given before or after the event, may be given in evidence against him. But where liability against a town is sought to be established by reason of the negligent omission of the commissioner of highways, the declarations of the

latter are not competent evidence when made after the injuries have been received by the plaintiff. As was said in the case of *Stephens v. Vroman* (16 N. Y., 383, 384.) "The law does not regard as sufficiently authentic to influence a jury any statement which is not made under the sanction of an oath, and, in general, it further requires that the witness making the statement should be present at the trial, to the end that he may be examined by the adverse party, and that the jury may draw their own conclusions as to his sincerity and accuracy, by his appearance and bearing upon the witnesses' stand. This rule does not, however, embrace the admissions of a party to the action, for, upon equally plain principles, anything which a man says against himself may be given in evidence by his adversary, as it is not to be supposed that one will make a statement adverse to his own interests unless it is true."

These declarations were but a narrative of a past transaction and were not admissible. In the case of *Waldele* v. *The New York Central and Hudson River Railroad Company* (95 N. Y., 274) the plaintiff's intestate was struck by an engine while crossing the defendant's tracks and received injuries from which he subsequently died. Half an hour after the accident his declarations, made by the sign-language, he being a deaf mute, were given in evidence to the effect that there was a long train passing the tracks; that he waited for it to go by, and after it had passed, attempted to cross and was struck by an engine which followed. It was held, after a thorough review of the authorities, that this was but a declaration of a past transaction and was incompetent; and the judgment, partially based upon such evidence, was reversed. (See, also, the cases of *The People* v. *Beach*, 87 N. Y., 508; *Whitaker* v. *Eighth Ave. R. R. Co.*, 51 id., 295; *People* v. *Davis*, 56 id., 95; *Tilson* v. *Terwilliger*, Id., 273.) For this reason the judgment and order appealed from should be reversed, and a new trial granted.

A further point is made by counsel for the appellant that evidence of repairs being made shortly after the accident was not competent under the decision of the case of *Corcoran* v. *The Village of Peekskill* (108 N. Y., 151). The last-cited case holds that evidence, if offered for the purpose of showing that the party charged with negligence must have known before the accident of the dangerous character of the locality, was incompetent; yet we do not understand that case

to lay down any rule which prevents a witness from describing the condition of the place where an accident has happened, even though it does incidentally and argumentatively involve the fact that the party charged with maintaining it has, by making repairs thereon, by so much, confessed to his dereliction, provided the evidence is material for some purpose which is legitimate. If we understand the rulings of the learned trial justice aright, he recognized the rule laid down in the case cited above, and admitted the evidence of the condition of the highway from the witness inspecting it after the accident, to show the presence of funds in the hands of the highway commissioner at the time of the accident. For this purpose the evidence, though perhaps unnecessary, was competent. (*Getty* v. *Town of Hamlin*, 28 N. Y. St. Rep., 275.)

Judgment and order must be reversed and a new trial granted, with costs to abide the event.

DWIGHT, P. J., concurred.

CORLETT, J. (dissenting):

On the 22d day of May, 1887, the plaintiff while attempting to cross a bridge over Conewango river, between Poland Center and Mud Creek, in the town of Poland, county of Chautauqua, was thrown down an embankment constructed at the northerly approach to the bridge, and in the fall he received personal injuries, to recover damages for which he brought this action, which was tried on the 14th day of May, 1888, before Justice HAIGHT and a jury. It resulted in a verdict for the plaintiff of $1,000. A motion for a new trial was denied, and the defendant appealed to this court.

The approach to the bridge was constructed by placing logs and chunks against the piles, extending it back from the stream to the bank, in this manner building up an embankment ten or eleven feet high next the bridge, covered with earth and gravel. The embankment at the end of the bridge was about eleven and one-half feet high, growing less as the bridge was left. On each side of this embankment there was a perpendicular descent from the road-bed of eleven and one-half feet at the end of the bridge, and four or five feet from that point the descent was ten feet. The floor of the

bridge was twelve feet in width, which continued until the approach proper was reached, and then the way was narrowed to about ten feet.   There were no barriers on either side of the embankment and it was claimed, on the part of the plaintiff, that there was a hole in the approach at the northerly side of the bridge, near the easterly side of the road, which narrowed it to about eight feet.

It was also claimed that this hole had existed a month prior to the accident, and had gradually grown in size until it was two feet in diameter.   At the time of the accident the plaintiff was passing over the bridge from the south, and it is claimed that his horse shied and stepped into this hole, stumbled and fell over the embankment, carrying with him the carriage and the plaintiff.   There is no controversy on this appeal as to the plaintiff's right to recover unless errors were committed in the admission of evidence on the trial.

Orrin J. Tracy was sworn as a witness, and testified that the morning after the accident he went to the bridge and measured it. He also stated the situation as it appeared at that time.   No objection was taken to this evidence.   George W. Jones was also sworn as a witness for the plaintiff, and testified that on the 17th day of April, 1888, he examined, with others, the northerly end of the approach, and describes it.   He was then asked : "In what condition was the bridge at that time?"   This was objected to by defendant's counsel "*as immaterial.*"   The plaintiff's counsel said : "I simply want to show its condition when he made the examination."   The court stated: "You were not seeking to show that there has been anything done since," to which the plaintiff's counsel assented.   The evidence was received, and the defendant's counsel excepted. It is obvious that this evidence was not offered or received for the purpose of showing that repairs had been made after the accident to establish negligence.   It was not so regarded by the defendant's counsel, as it was simply objected to as immaterial, but the court took pains to indicate that the evidence was not admitted to show subsequent repairs for the purpose of establishing negligence.

The doctine of *Corcoran* v. *Village of Peekskill* (108 N. Y., 151) has no application.   No error was committed in the admission of this evidence.   Its purpose was simply to throw light upon the condition of the hole and its surroundings at the time of the accident.

Walter B. Wait, a witness for the plaintiff, testified that he saw the highway commissioner the next day after the accident and talked with him about it. He was then asked: "What did you hear him say about the road at that time?" "This question was objected to by the defendant's counsel, on the ground that the commissioner's admissions were not binding upon the defendant." The objection was overruled and exception taken.

The witness then stated, he supposed the road was repaired; that he had ordered Campbell to do it two different times. Other evidence was given to the same effect, under like objection and exception. The admission of those declarations is urged as error by the learned counsel for the appellant.

Chapter 700, section 1 of the Laws of 1881, provides: "The several towns in this State shall be liable to any person suffering the same, for all damages to person or property by reason of defective highways or bridges in such town, in cases in which the commissioner or commissioners of said towns are now by law liable therefor, instead of said commissioner or commissioners of highways."

Commissioners of highways are public officers who have entire charge of the construction and repair of highways, and are in no sense agents of the town. (*Bidwell* v. *Town of Murray*, 40 Hun, 191–193.)

The statute does not change the relation of the town to the highways or the commissioners, so far as it relates to supervision or repairs. Those obligations still rest upon the commissioners as such, and not as agent of the town. The liability which this act imposes upon the town, confers upon it no control or supervision of the highways.

The learned counsel for the appellant concedes that declarations or statements of the commissioner before the accident would have been admissible. It is a familiar rule that admissions or declarations of an agent are not admissible, no matter when made, to bind the principal, unless they are a part of the *res gestæ*. (*Thallhimer* v. *Brinckerhoof*, 4 Wend., 394–397; *Dean* v. *Ætna Life Ins. Co.*, 62 N. Y., 642.)

So that declarations made before the accident are no more admissible, unless part of the *res gestæ*, than those afterwards. In

*Bidwell* v. *Town of Murray*, above cited, evidence was admitted on the trial of the declarations of the commissioner the summer before the accident. The learned justice, delivering the opinion on appeal, speaking on this point, says, at page 196: " There was no error in receiving the evidence of the declaration of the commissioner, made the summer before the accident, to the effect that he had got to go and repair this bridge. This evidence was competent only as bearing on the question of his knowledge of the condition of the bridge, and not to show that it was defective, and it was received only for such limited and legitimate purpose."

It is clear from this quotation that those declarations were not made while the commissioner was doing any act in an official capacity, or as a part of the *res gestæ.* The statement was simply to the effect that he must thereafter go and repair the bridge. These admissions were received to show the knowledge of the commissioner. The personal knowledge of an individual may ordinarily be proved by his acts or declarations. Whether these acts or declarations were before or after the accident must be entirely immaterial. The declarations in the case at bar were admissible simply as evidence, tending to show previous knowledge by the commissioner of the existence of the hole which caused the accident.

The learned counsel for the appellant is entirely right in his general position that declarations or statements of persons not parties to the action are inadmissible to bind those who are. But where the material question depends upon the personal knowledge of the individual, in the nature of things, his acts or declarations must be evidence on that subject, and the time when made is entirely immaterial. The declarations in this case were received simply to show the knowledge of the commissioner, and the trial court fell into no error in receiving them for that purpose.

The statement that the highway commissioner's declarations were not admissible to bind the town in the manner made is misleading. No general rule is more familiar than the one forbidding declarations of competent witnesses from being evidence against either party to the action. But where declarations are, in their very nature, competent to prove a fact, they are not rendered inadmissible because they are not made by the parties to the action.

The fact that the town is alone liable to be sued for an injury

caused by a defective highway or bridge in no way changes the proof upon which a recovery depends. The duties of highway commissioners continue the same as to supervision and repairs; but for the purpose of avoiding circuity and compelling direct payment the statute transfers the right of action against the town.

It is conceded that the proof to charge the town must establish the same facts as if brought against the commissioner. But the learned counsel for the appellant contends that while, as against the commissioner, his declarations on the question of knowledge, either before or after the accident, would be admissible, they are not so against the town. It is not necessary to determine whether, for certain purposes, the commissioner must be called to prove facts which could formerly be shown by his declarations; such as whether the highway or bridge was defective or out of repair. No such question is presented. The point here is, whether a certain fact, which may be an important element to prove negligence, can be proved in a particular way. That fact in the case at bar is the commissioner's knowledge.

The knowledge of an individual may be shown in certain cases by his opportunities to know; it may also be shown by his acts or declarations. In the case at bar it is agreed that if the declarations had been made before the accident, that would have furnished evidence of knowledge. No criticism is made upon the decision in *Bidwell* v. *Town of Murray* on this question. In fact, the learned counsel for the appellant admits that if the declarations had been made before the accident, they would have been admissible on that question.

The fact that admissions are generally inadmissible is not questioned by either party. It never was the rule that the time when declarations are made was important in determining the question of their admissibility. It never can be proved, except as part of the *res gestæ*, for the simple reason that declarations *per se* are generally inadmissible to bind third persons. But where a thing evidenced by the declarations is confined to the knowledge of the person making them, then a different question is presented. If a person, before the accident, when he is doing no act required either by agency or official business, makes a declaration, it is not admissible except as showing personal knowledge. If he makes the same

declaration after the accident, no reason is perceived why it is not just as admissible for the same purpose. It is not a part of the *res gestæ* in either case. As to whether he would be most likely to make a false declaration, before or after the accident, as to his personal knowledge, must, in the nature of things, depend upon circumstances and conclusions affecting credibility. But how the time when made controls its admissibility is not seen.

*Bidwell* v. *Town of Murray* is decisive upon this question. If the court was right in that case, it follows that the evidence was admissible in this to prove the same fact.

The judgment and order should be affirmed.

Judgment and order appealed from reversed and a new trial granted, with costs to abide the event.