JENNIE R. SHERMAN, RESPONDENT, v. THE VILLAGE OF ONEONTA, APPELLANT.

*Evidence — as to the direction given by a city official in regard to the repair of a street after an accident — res gestæ.*

In an action to recover for personal injuries, alleged to have been sustained by the plaintiff because of the negligence of the defendant in leaving a ridge or elevation near a gutter crossing Centre street, in the village of Oneonta, resulting from the filling up of a trench in which a water pipe had been laid some months before, it appeared that plaintiff's carriage was broken in passing over this ridge on April 23, 1886, and that his horse was frightened and ran away, throwing the plaintiff out and injuring him.

On the trial a witness, called by the plaintiff, was allowed to testify, under objection, that he was employed by the street commissioner of the defendant, a short time after April 23, 1886, to do some work on Centre street, and he was asked: "What did he say to you as to what work it was he wanted you to do?" To which, under objection, the witness, answered: "He said, go on Centre street to such a place and clean up that dirt there (there was a high mound, he said), before somebody else got hurt."

*Held,* that neither the subsequent declarations, nor the act of changing or removing the ridge, were in any sense a part of the *res gestæ.*

That the evidence was incompetent, and its admission constituted an error for which a new trial should be granted, as the jury might well infer therefrom that the ridge was dangerous.

APPEAL by the defendant, the Village of Oneonta, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Otsego on the 21st day of July, 1890, in favor of the plaintiff; and also from an order denying a motion for a new trial, made by the defendant upon a case and exceptions, which was entered in the office of the clerk of the county of Otsego on the 3d day of July, 1890.

The action was tried at the Otsego Circuit before the court and a jury, and a verdict was rendered by the latter for the plaintiff for the sum of $4,000 damages.

*Burr Mattice,* for the appellant.

*F. N. Gilbert,* for the respondent.

MERWIN, J. :

This action is brought to recover damages for personal injuries sustained by plaintiff by reason of the negligence, as the plaintiff

claims, of the defendant. On the 23d of April, 1886, the plaintiff, with two other persons, was riding in a carriage westerly along Centre street in the village of Oneonta. At the intersection of that street with Elm street there was a gutter which crossed Centre street on the easterly line of Elm street, and on the westerly side of this gutter there was, as claimed by plaintiff, a ridge, or an elevation of the surface of the street, which had been left there the fall or summer before upon the filling up of a trench or ditch made for the purpose of laying a water-pipe. As the horse and carriage of the plaintiff passed over this gutter and elevation something about the carriage was broken, the horse was frightened and ran away and the plaintiff was thrown out and injured. The condition of the gutter and of the elevation or ridge upon the 23d of April, 1886, were matters of controversy at the trial. The main question here relates to certain declarations of the street commissioner of the defendant made sometime after the accident.

Carson Emmons was street commissioner of the village for the year commencing April 1, 1886. The plaintiff called as a witness Cornelius Denny, who testified that he was employed by the street commissioner, Mr. Emmons, to do some work upon Centre street a short time after the twenty-third of April. The following then took place, as the record shows :

" Question : What did he say to you as to what work it was he wanted you to do? (Objected to as incompetent and improper ; that it appears to be at a time subsequent to this alleged injury and that the statement of the street commissioner in no way affects the liability of the village of Oneonta ; that the village is not bound by anything said by one of its officers when not associated with the others.)

" The COURT — Objection overruled. (Exception taken.)

" Answer : We were at work cleaning up some of the streets, and I think we were on Centre street or Church street, or off that way ; and he told us, some one or more with me ; he said, go on Centre street to such a place and clean up that dirt there (there was a high mound, he said), before somebody else got hurt.

" DEFENDANT'S COUNSEL — We move to strike out the latter part of the answer wherein the witness said the street commissioner said ' before somebody else got hurt ' as improper and incompetent ;

that the statement of the street commissioner in no way tends to bind the village, as he was not authorized to speak for the defendant.

"The COURT — Reserve the motion at present.

"That is all — he said, go to such a place on Centre street on the corner where Elm street comes up there, and then pick off the dirt; he said he wanted to go there and pick that mound off there; I think he said he would send a team soon to draw it away; I don't recollect that he said anything further; that is all he said; he said go to that place and pick that dirt off, and he would send a team there; we would take it off. before somebody else got hurt there; that is all I recollect; I don't think he said in that connection that one lady had already been injured there, and he wanted us to go and take it off before somebody got hurt; my recollection is, he said before somebody else got hurt.

"DEFENDANT's COUNSEL — To each one of those separate questions we desire the stenographer to enter an objection to the statement of the witness on the ground that it is improper and incompetent, and that any statement made by the street commissioner is not binding upon the defendant.

"The COURT — Do I understand this place was the corner of Centre and Elm street?

WITNESS — Yes, sir.

"The COURT — The stenographer may enter any objection and an exception to the ruling of the court admitting the evidence to each one of the questions, viz., on the ground that the street commissioner had no authority to make an admission for the city.

"DEFENDANT's COUNSEL — And also that it was after this accident in question.

"The COURT — I think it appears there you have your objection and exception.

"DEFENDANT's COUNSEL — We ask to strike out from the testimony of this witness that part of the statement referred to, what the street commissioner said in reference to some one else getting hurt.

"The COURT — No; I think it may stand. (Exception taken.)"

The witness then testified that he went and did some work at the intersection of Centre and Elm streets. The question was then asked: "Now tell the jury what you done and who helped you do it?

"DEFENDANT's COUNSEL — We object to any evidence relating to

the removal of this mound on the ground that it is not covered by
the pleadings, and what repairs they made are incompetent and
improper and immaterial.

" The COURT — He may answer.   (Exception taken.) "

The witness then stated that he and another laborer picked off
the dirt from the mound; that one load was drawn away and they
picked off more.

Among other things, the defendant's counsel asked the court to
charge " that the declarations of defendant's commissioner made
subsequent to the accident are not competent evidence against
the defendant, and the jury have no right to consider the same in
determining whether the defendant was or was not guilty of
negligence."

The court declined to so charge and the defendant's counsel
excepted.   The defendant's counsel then asked the court to charge
" that the fact, if it be a fact, that the defendant caused the
ridge to be removed after the accident occurred is not proper
to be considered on the question of negligence," and the court so
charged.

It is now claimed that the court erred in admitting the declara-
tions of the street commissioner made after the happening of the
injury, and in refusing to charge as requested in regard to such
declarations.

It is quite apparent from the case, that the declarations referred
to in the request are those above set out.   They were made several
days at least after the accident.

There is no doubt about the general proposition that the declara-
tions of an agent, like the street commissioner in this case, are not
admissible to bind the corporation except when they are part of the
transaction which gives rise to the controversy.   (*Cortland County
v. Herkimer County*, 44 N. Y., 22, 24; *Stone v. Town of Poland*,
11 N. Y. Supp., 498.)   In this case, however, their admission is
sought to be justified upon the theory that, at the time of their
admission in evidence, it was proper for the plaintiff to show that
the ridge or elevation in controversy had been lowered or changed
since the accident, and that for the purpose of showing this change
it was proper to show not only what the street commissioner and his

employees did, but also what the street commissioner said while so engaged.

It may be assumed that the fact of the change after the accident was properly shown, not, however, as bearing on the negligence of the defendant, but by way of explanation of evidence previously given in regard to the height of the ridge. And the court held and charged that the fact that the defendant may have caused the ridge to be removed after the accident should not be considered on the question of negligence. The court, however, refused to charge that the declarations should not be considered on that question. The fact of the change, whether brought about by the defendant or some other party, was the only thing competent. It was not a question whether the street commissioner was then engaged in the line of his duty. His duty at that point of time was wholly immaterial, and was not an issue in the case. It was not a part of the transaction in controversy. The liability of the defendant, if there was one, was perfect and complete before that time. In no sense were the subsequent declarations or the act of changing or removing the ridge a part of the *res gestæ*.

The declarations were received generally in the case. Their effect was not limited. We think they were not competent. But it is urged that they were not of sufficient materiality to affect the case. The height of the ridge, and whether or not it was of a dangerous character, were vital questions in the case. The evidence was conflicting and both sides were very much in earnest. The plaintiff claimed there was a high ridge and a dangerous place. The defendant claimed the contrary. If, therefore, as the witness Denny, in substance, testified, the defendant's street commissioner said there was a high mound there and directed the dirt to be picked off and cleaned up before somebody else got hurt, the jury might well infer that the commissioner thought the situation a dangerous one, and that the ridge was a dangerous obstruction. Such a declaration from the officer managing the streets of the village would be liable to affect materially the minds of the jury.

We cannot fairly say that this evidence did not affect the result or prejudice the defendant. (*Carroll* v. *Deimel*, 95 N. Y., 252, 256; *Furst* v. *Second Av. R. R. Co.*, 72 id., 542, 547.)

We are, therefore, of the opinion that, in the admission of the

declarations and the refusal to charge the request referred to, error was committed that requires the reversal of the judgment.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment and order reversed on the exceptions and a new trial ordered, with costs to abide the event.