CLEON STONE, by his Guardian, etc., Respondent, *v.* THE TOWN OF POLAND, Appellant.

*Damages for personal injuries — the question as to the credibility of witnesses is for the jury — exception to evidence received for a limited purpose — evidence as to the value of services.*

Upon the trial of an action brought to recover damages, alleged to have resulted through the negligence of a highway commissioner in leaving a highway out of repair, it was shown that a horse driven by the plaintiff stumbled and fell down an embankment which constituted the approach to a bridge.  There was a conflict of evidence as to whether the accident was occasioned by the horse stepping into a hole in the highway.

*Held,* that it was for the jury to determine the credit to which the testimony of the plaintiff was entitled in view of all the evidence, and also whether the accident was occasioned without fault on the part of the plaintiff.

Shortly after the accident the approach to the bridge was covered with plank, and about a year after the accident a witness who had observed the hole on the day the accident occurred, and also shortly after it, went to the place of the accident with an engineer, took out some of the plank and examined the hole.  He was asked upon the trial to state the condition of the same, to which objection was taken.  The plaintiff's counsel stated that he expected to prove that the hole was there in the same condition in which it was at the time of the accident. The court held that the evidence was admissible only for the purpose of identifying the condition of the hole when the accident occurred, and overruled the objection.

The witness testified that it was just the same except that one more chunk had been put into it, and that the surface of the approach was the same as it then was; that planks were taken up to make measurements, and that he pointed out the hole to the person with him who made the measurements.

*Held,* that the changed situation, about a year after the accident, only incidentally appeared in the evidence by which the plaintiff sought to establish the condition of the *locus in quo* at the time of the occurrence of the accident, and as the testimony was received with that view and for such purpose only there was no error in the ruling of the court admitting the same in evidence.

Upon the trial of an action brought to recover damages for personal injuries, as bearing upon the question of damages, a witness was asked: "What is the value of ordinary farm labor of a young man twenty-one years of age, by the year, in the town of Poland and vicinity?" The defendant's objection to this question was overruled and an exception was taken. The answer given was $350, followed by further proof that the value of the services of the plaintiff as such laborer was fifty dollars per year. The evidence was evidently intended to relate only to the time since the plaintiff arrived at the age of twenty-one years, which was only nine months before the trial of the action, and to prove that his ability to labor was at such period impaired by his injuries. If it was shown that his occupation was that of working on a farm, *Held,* that it was competent to prove the fact, although the action was commenced more than two years before the trial;

That, although the general inquiry made may not have been proper, as it should have been confined to the value that his services on a farm would have, if he had not been injured, yet as no objection on that ground was specifically made, the exception to the ruling admitting such testimony was not well taken.

APPEAL by the defendant, The Town of Poland, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Chautauqua on the 5th day of October, 1893, upon the verdict of a jury rendered after a trial at the Chautauqua Circuit, and also from an order made at the Chautauqua Special Term on the 19th day of June, 1893, and entered in said clerk's office, denying the defendant's motion for a new trial made upon a case and exceptions as settled.

*Frank W. Stevens,* for the appellant.

*A. C. Wade,* for the respondent.

BRADLEY, J.:

On May 22, 1887, the plaintiff was driving a horse and carriage, in which he was riding, on a highway in the town of Poland, county of Chautauqua, and having crossed the bridge over Conewango creek, he, with the horse and carriage, was suddenly precipitated over and down the easterly side of the embankment, which constituted the northerly approach of the bridge, and was injured.

He charges that his injury was occasioned solely by the negligence of the officers of the defendant charged with the duty of keeping the highways within it in repair. And to support the charge, evidence on his part is given tending to prove that there was a hole in the highway at that place, which caused the accident, and that it had been there a length of time sufficient to charge the commissioner of highways with notice of it. The evidence was such as to warrant the imputation of notice to the commissioner of the existence of the hole in the highway there. The main matters of controversy on the trial were whether at the time in question there was any material defect in the highway at that place, and if there was, whether it caused the plaintiff's misfortune and injury. The width of the inside of the bridge was twelve feet. The width of the northerly approach was ten feet on top, with rounding slope of about one foot on either side, below which was an abrupt steep descent of about nine feet near the bridge and for some distance from it. At the outer edge of the easterly track was a hole variously estimated in length, width and depth. The plaintiff testified that his horse in passing from the bridge was scared, sprang to the right, stepped into the hole and was thrown over and down the embankment, taking the buggy with the plaintiff in it down also. His evidence is to the effect that the stepping into the hole caused the horse to stumble with the result before mentioned.

Whether or not the horse stepped into the hole was an important question of fact on the trial, as the court held that if the injury was occasioned by any other cause the plaintiff could not recover, and so charged the jury. No person other than the plaintiff was present at the time of the accident. But such question was, on the part of the defendant, forcibly contested by evidence of facts and circumstances bearing upon it.

There had been that day erected on the westerly side of the approach, below and near to it, a boat house. For this the commissioner was in no way responsible.

The horse was young and active, and the inference is permitted that it took fright on seeing this structure and suddenly sheered to the right. There is evidence tending to prove by reference to marks made by wheels of the buggy upon the side of the bridge, occasioned by the horse so springing to the right on passing it, that the

horse was not, at the time of going over the bank, far enough advanced in the highway from the bridge to step into the hole in view of the distance of it from the end of the bridge.

There was, however, some conflict in the evidence as to the distance the hole was from the planking of the bridge. And there were some conflicting circumstances arising from the testimony of witnesses who first saw and talked with the plaintiff at the place of the injury, to the effect that he then said nothing about the hole. It also appears that some blocks of wood had been put into it. And its condition, at the time of the accident, was matter of controversy in so far that evidence was given to the effect that the hole was by that means then substantially filled up even with the surface, or nearly so, while that was controverted by evidence tending to prove that the hole was open to the depth of eight inches. The horse in some manner went or fell over and down the bank. The cause of it was, upon the evidence, a question for the jury. They saw the witnesses and heard them testify. And the credit to which the testimony of the plaintiff was entitled was, in view of all the evidence and circumstances, for the jury to determine. The question whether the calamity was occasioned without any fault on his part was also for them to consider. He testified that he drove the horse on a walk over the bridge, and sought to keep it under his control by the use of the lines. This was disputed by evidence to the effect that the horse crossed the bridge at a rapid trotting gait. So far as that question was essentially matter for consideration, it may be deemed to have been disposed of by the jury. The case was fairly submitted to them with proper instructions by the court. And we see no occasion to interfere with the conclusion of the jury upon the questions of fact.

Shortly after the accident the approach at the place in question was covered with plank. And afterwards, in April, 1888, a witness, who had observed the hole shortly after the accident, and the day of its occurrence, went there with an engineer, who was also a witness, took up some of the plank and examined the hole. He was asked to state its condition, to which the defendant's counsel objected. The plaintiff's counsel stated that he expected to prove that the hole was then in the same condition as it was at the time in question. The court, holding that the evidence was admissible only

to identify the condition of it when the accident occurred, over-ruled the objection, and exception was taken. The witness testified that it was just the same, with the exception that one chunk more had been put into it, and that the surface of the approach was the same as it then was; that planks were taken up to make measurements, and that he pointed out the hole to the person with him, who made measurements.

In support of the exception is urged the rule which excludes evidence of the fact that changes have been made in conditions existing at the time of an injury and to which it is attributed. (*Dale v. D., L. & W. R. R. Co.*, 73 N. Y. 468; *Corcoran v. Village of Peekskill*, 108 id. 151.)

But in the present case the changed situation about a year after the accident only incidentally appeared in the evidence by which the plaintiff sought to establish by proof the condition of its *locus in quo* at the time of its occurrence. It was in that view and for such purpose that the evidence was received. There was no error in the ruling. This question had some consideration on the review of a former trial of this action. (58 Hun, 21.)

As bearing upon the question of damages a witness was asked, "What is the value of ordinary farm labor of a young man twenty-one years of age, by the year, in the town of Poland and vicinity?" The defendant's objection was overruled and exception taken. The answer given was $350, followed by further proof that the value of the services of the plaintiff as such laborer was fifty dollars per year. This evidence was evidently intended to relate only to the time since August 11, 1890, when the plaintiff arrived at the age of twenty-one years, which was only nine months before the trial, and to prove that the extent of his ability to labor was, as of such period, impaired by his injury in question. It was competent to prove the fact although the action was commenced more than two years before the trial. (*Cuming v. Brooklyn City R. R. Co.*, 109 N. Y. 95.) It appeared that his occupation was that of working on a farm.

The general inquiry may not have been strictly proper, as it should have been confined to the value his services on a farm would have if he had not been injured, but as no objection on that ground was specifically made and might have been obviated if it had been, the exception was not well taken.

There was no error in any ruling on the trial to the prejudice of the defendant.

The judgment and order should be affirmed.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Judgment and order appealed from affirmed.