DAVENPORT v. MATTHEWS et al.

(Supreme Court, Appellate Division, Second Department. January 26, 1909.)

1. NEGLIGENCE (§ 131*) — EVIDENCE — ADMISSIBILITY — PRECAUTIONS AGAINST RECURRENCE OF INJURY.

In an action for injuries from a fall into a cellarway on defendant's premises while walking along the street, a photograph of the cellar showing bars placed around it as a protection after the accident was inadmissible.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 255, 256; Dec. Dig. § 131.*]

2. NEGLIGENCE (§ 139*)—INSTRUCTIONS—REQUESTS—PRECAUTIONS AFTER IN- JURY.

It was error to refuse to charge, in an action for injuries by falling into an unguarded cellar, that the placing of bars around the cellar after

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the accident did not impute negligence in not protecting it by bars before the accident.

[Ed. Note.—For other cases, see Negligence, Dec. Dig. § 139.*]

3. APPEAL AND ERROR (§ 1050*) — HARMLESS ERROR—ADMISSION OF EVIDENCE —PREJUDICIAL EFFECT.

Where the maintenance of a cellar adjoining a sidewalk without protection was not a nuisance or negligence as a matter of law, error in admitting a photograph showing bars which had been erected around it after the accident was prejudicial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4153–4160; Dec. Dig. § 1050.*]

4. APPEAL AND ERROR (§ 1067*)—HARMLESS ERROR—REFUSAL OF INSTRUCTION .—PREJUDICIAL EFFECT.

Where the maintenance of a cellarway adjoining a sidewalk without any protection was not a nuisance or negligence as a matter of law, error in refusing to instruct that the placing of guards around the cellar after an accident by falling into it did not impute negligence was prejudicial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4229; Dec. Dig. § 1067.*]

Appeal from Municipal Court of New York.

Action by Lina J. Davenport against James Matthews and another, doing business as A. D. Matthews & Son. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Floyd K. Diefendorf, for appellants.

GAYNOR, J. The plaintiff fell from the street into an open cellarway on the defendants' premises. A photograph of the cellarway with bars along its sides, which had been put there after the accident, was allowed to go in evidence against the defendants' objection. This was error, and also the refusal to charge the defendants' request that the change after the accident did not impute negligence in not having bars before. Corcoran v. Village of Peekskill, 108 N. Y. 151, 15 N. E. 309. If the cellarway had been so far out that it could have been ruled to be a nuisance or negligent as matter of law, the error would be harmless; but that was not the case. Counsel for respondent neither submitted a brief nor argued the case.

The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.