### HILLESUM *v.* MAYOR, ETC., OF THE CITY OF NEW YORK.

(*Superior Court of New York City, General Term.* March 5, 1889.)

1. EVIDENCE—ADMISSIBILITY—INDEFINITENESS.

    In an action for damages for injuries caused by falling on a sidewalk alleged to be defective, a question put to a witness, "Do you know anybody that fell over that?" was properly excluded, in that it did not show whether the witness was required to speak of his knowledge of any fall, or, more than of his knowledge, of a person who he had heard had fallen.

2. SAME.

    A witness was asked: "Don't you know as a fact that this sidewalk was fixed in March, 1887?" *Held*, that the question was objectionable, as it did not appear to

refer to a repairing of the defect alleged by plaintiff, and therefore did not tend to show what was the condition of the sidewalk at the time of the accident, in February, 1887.

3. SAME—ANSWER NOT RESPONSIVE.
   Plaintiff's husband was asked: "Did the plaintiff have people by whom she had been engaged to nurse?" He answered: "She had about five, and she could not attend to them." *Held,* that the latter part of the sentence was properly stricken out as not responsive.

4. SAME—RES GESTÆ—COMPLAINTS.
   A physician, who had testified that the accident would have an effect upon plaintiff's nervous system, was asked: "And do you think it affected that?" The answer was: "She is complaining of that now." *Held,* that the answer was properly stricken out as not responsive, and also because complaints made by plaintiff might be inadmissible, at least if not made to the physician for his professional guidance, and only overheard by him.

5. WITNESS—CREDIBILITY.
   The owners of property abutting the street where the accident occurred testified on behalf of the defendant city. The evidence showed that the accident was caused by plaintiff's stepping from a part of the sidewalk which was several inches higher than the adjoining part down to the lower level, but it did not appear that either, or, if one of the owners, which one, had the right or lawful level in front of his property. *Held,* that the court properly refused to charge, for the purpose of indicating the interest the witnesses might be supposed to have in defeating the action, that "the defendant has a right of action over against the owner of the property in front of which the accident occurred for the reimbursement of any verdict rendered against it, and which it may be called upon to pay."

6. SAME.
   A witness who was in the employ of a witness who had testified for defendant was asked by plaintiff, "Has he, Mahoney, told you, and don't you know as a matter of fact, that he would have to pay the city any damage which the city might sustain by reason of this case?" *Held,* that the question was properly excluded, *inter alia,* because it asked the witness to state the necessary consequences of a future or conditional state of affairs.

Appeal from special term.

Action by Sophie Hillesum to recover damages for personal injuries caused by falling on a sidewalk in defendant city, alleged to have been defective. There was a verdict for defendant, but the court granted plaintiff's motion for a new trial, and defendant appeals.

Argued before SEDGWICK, C. J., and FREEDMAN and TRUAX, JJ.

*Henry B. Twombly,* for appellant.   *M. L. Marks,* for respondent.

SEDGWICK, C. J.   The action was for damages from the plaintiff's falling, in consequence of a defect in the sidewalk of a street, which the complaint alleged was defective through defendant's negligence. The jury found for the defendant. The new trial was granted upon the exceptions taken on the trial by the plaintiff. The case does not particularize the exceptions which were sustained by the court. It is necessary to examine all the exceptions on which the respondent relies. The question, "Do you know anybody that fell over that?" was rightly excluded on the trial. It referred to the alleged defect in the sidewalk. The question had such a form that it was not certain that the witness was required to speak of his knowledge of any fall, or, more than of his knowledge, of a person who he had heard had fallen. The witness immediately after this question was allowed to testify that he had seen his wife fall over the defect. A physician had testified that the accident would have an effect upon the nervous system of the plaintiff. He was then asked: "And do you think it affected that?" The witness not answering responsively said: "She is complaining of that now." This was properly stricken out both because it was not responsive, and because complaints of the plaintiff might be inadmissible, at least if not made to the physician for his professional guidance, and only overheard by him. *Roche* v. *Railroad Co.,* 105 N. Y. 299, 11 N. E. Rep. 630. Another question was properly excluded for the reason that its form was leading. On the trial the plaintiff assumed that a witness named Mahoney would be liable to the present defendants in case there should be a

recovery against them, and that such liability might affect the credibility of
Mahoney, who had testified in behalf of the defendants as to the condition of
the sidewalks.   Another witness was called by defendants.   He was and had
been in the employment of Mahoney.   He was asked: "Has he, Mahoney, told
you, and don't you know as matter of fact, that he would have to pay the city
any damage which the city might sustain by reason of this case?"   The court
was correct in excluding the question.   Had the question not been objection-
able in itself, it was within the discretion of the court to exclude it, as the
witness had said, immediately before, that Mahoney had told him nothing
about his liability for the condition of the sidewalk.   It was objectionable in
the part that asked the witness to state the necessary consequences of a future
or conditional state of affairs.   Mahoney, as a witness, was asked: "Don't
you know as a fact that this sidewalk was fixed in March, 1887?"   The acci-
dent had happened in February, 1887.   This called for a categorical answer
which, when given, might have been left, without any further inquiry as to
what made the "fixing" of the question, to produce a confusion in the minds
of the jury.   The question was objectionable, as it did not appear to refer to a
repairing of the defect alleged by the plaintiff, and therefore it did not tend to
show what was the physical condition of the sidewalk at the time of the acci-
dent.   The plaintiff's husband was asked: "Did the plaintiff have people by
whom she had been engaged to nurse?"   He answered she had about five, and
she could not attend to them.   The last of the answer was properly stricken
out as irresponsive.

The charge of the court was in accordance with the law.   The plaintiff did
not prove that the accident had put her to any personal expense, nor did she
prove any facts upon which the jury might assess damages for any loss of
business as a nurse.   I think it is probable that the court, in granting a new
trial, considered that there might have been error in refusing to charge one
request of plaintiff.   It was: "The defendant has a right of action over against
the owner of the property in front of which the accident occurred for the re-
imbursement of any verdict rendered against it, and which it may be called
upon to pay."   A particular examination of the testimony shows that the
plaintiff was not entitled to such a charge, even if it be assumed, although not
held, that an owner of a house is responsible for the consequences of a defect
in the sidewalk in front of his house, which is not a nuisance created by him,
or unlawfully maintained by him.   The case showed that the testimony of one
of two witnesses only could have been affected by the existence of the liability
alluded to in the request.   These witnesses were the respective owners of Nos.
107 and 109 Sheriff street.   The sidewalk in front of these houses was wholly       0
or partly paved with flag-stone.   The case, as made by the plaintiff, was that
as she was walking along the flagging of No. 109, and had reached the line
where it ended, she stepped upon the flagging of the sidewalk in front of No.
107.   This latter sidewalk was from three to seven inches lower than the side-
walk of No. 109.   The plaintiff testified: "I was walking along, and stepped
from a higher stone to a lower stone, and fell as I made the step.   I did not see
the stone was lower than the other."   The witness most favorable to plain-
tiff testified that the plaintiff fell in front of 107 and 109.   The sidewalk in
front of 107 was about three or four inches lower than the sidewalk of 109.
There was a step between the two stones, never filled up.   On this and other
testimony the jury could not have found that there was any other cause of the
accident than the plaintiff's stepping from the higher level of one sidewalk to
the lower level of the other, she being unaware that there was any difference
in the levels.   There was no testimony to show that either, or, if one of the
owners, which one, had the right or lawful level in front of his house.   Even
if it could be said that one or the other must have been the responsible party,
the announcements of that to the jury could not have been used by them to
estimate the credibility of either witness in particular.   I am therefore of

opinion that the motion for a new trial should have. been denied. Order reversed, with costs, with leave to defendant to enter judgment upon the verdict. All concur.