the platform of a lift conveyance he was riding at his place of employment. Plaintiff sued the designer, the installer and the architect of the conveyance and alleged that their failure to equip the conveyance with toe guards, interlocking gates and a constant pressure switch was the proximate cause of his injuries. Causes of action in negligence and strict products liability, based upon improper design, were submitted to the jury. Contributory negligence is a question of fact for the jury (*Freidman v City of New York,* 25 NY2d 764). A verdict was rendered in favor of each defendant based upon a finding that plaintiff was contributorily negligent. At the time of this accident, contributory negligence was a complete bar to recovery (CPLR 1411, L 1975, ch 69, eff Sept. 1, 1975). The trial court properly denied plaintiff the opportunity to examine his co-workers regarding the customary use of the conveyance because the only issue was whether plaintiff *"independently* exercised that degree of care for his own safety that a reasonably prudent person would have exercised under the same circumstances" (*Codling v Paglia,* 32 NY2d 330, 344; emphasis supplied). The trial court also properly excluded evidence of postaccident modifications of the conveyance (*Rainbow v Elia Bldg. Co.,* 79 AD2d 287, affd 56 NY2d 550; *Opera v Hyva, Inc.,* 86 AD2d 373, 375; cf. *Caprara v Chrysler Corp.,* 52 NY2d 114). Finally, the trial court correctly refused to charge the jury on various sections of the Labor Law and industrial codes. Section 255 of the Labor Law and rule 8 of the New York State Industrial Code (12 NYCRR 8-1.12) apply only to owners and tenants (*McRickard v Flint,* 114 NY 222; see, also, Labor Law, § 316). The American Standard Safety Code for Elevators (ASSC) has never been adopted in New York State. (Appeal from judgment of Supreme Court, Erie County, Hannigan, J. — negligence.) Present — Dillon, P. J., Hancock, Jr., Callahan, Denman and Green, JJ.

■ GORDON HEYDEN, Appellant, v GALLAGHER ELEVATOR CO., INC., et al., Defendants, and JOSEPH SCAFFIDI, Doing Business as PHILIP R. SCAFFIDI AND ASSOCIATES, et al., Respondents. (Appeal No. 2.) — Judgment unanimously affirmed, without costs. Same memorandum as in *Heyden v Gallagher Elevator Co.* (Appeal No. 1) (94 AD2d 936). (Appeal from judgment of Supreme Court, Erie County, Hannigan, J. — negligence.) Present — Dillon, P. J., Hancock, Jr., Callahan, Denman and Green, JJ.

■ GORDON HEYDEN, Appellant, v GALLAGHER ELEVATOR CO., INC., et al., Defendants, and DRESSER TRANSPORTATION EQUIPMENT, DIVISION OF DRESSER INDUSTRIES, as Successor in Interest to the SYMINGTON-WAYNE CORP., Respondent. (Appeal No. 3.) — Judgment unanimously affirmed, without costs. Same memorandum as in *Heyden v Gallagher Elevator Co.* (Appeal No. 1) (94 AD2d 936). (Appeal from judgment of Supreme Court, Erie County, Hannigan, J. — negligence.) Present — Dillon, P. J., Hancock, Jr., Callahan, Denman and Green, JJ.

■ OLD FORGE CONSTRUCTION CO., INC., Respondent, v CITY OF SYRACUSE, Appellant. — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Defendant appeals from an order which granted plaintiff summary judgment for the amount held in retention by the city under a contract, and which also ordered that plaintiff is entitled to punitive damages and directed an inquest to determine the amount thereof. Plaintiff was the successful bidder on a project for replacement of sewer pipes beneath a runway at the Hancock Field airport. The contract called for retainage by defendant of 15% of the contract price, amounting to $10,565.25, and provided that the retainage would be held for two years after completion of a construction contract and for five years after completion of a sewer contract. If construed as a construction contract, the retainage was