■ Rocco Di Paolo et al., Appellants, v Albert D. Somma, Doing Business as Champ Beverages, Respondent, et al., Defendant. — In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Pino, J.), entered February 3, 1984, as is in favor of the defendant Albert D. Somma, doing business as Champ Beverages, upon a jury verdict.

Judgment affirmed insofar as appealed from, with one bill of costs.

This negligence action arises from personal injuries suffered by plaintiff Rocco Di Paolo on September 12, 1980, as a result of his allegedly receiving an electrical shock when he reached into

a self-service refrigerator at defendant Albert Somma's beverage distributorship, Champ Beverages. The refrigerator is owned by defendant Somma, and the electrical wiring necessary for its installation was put in by defendant Paul Electrical Contracting.

A jury trial was held on the issue of liability only, and at the close of all testimony, the trial court granted defendant Paul Electrical Contracting's unopposed motion to dismiss the action as to it. The jury, by a vote of 5 to 1, found in favor of defendant Somma, and returned a negative answer to the following special interrogatory: "Did the plaintiff, Rocco Di Paolo, receive an electrical shock at the time and place of the alleged accident?"

Plaintiffs contend on appeal that the trial court erred in its rulings on several evidentiary matters, thus warranting a reversal and a new trial. We disagree.

The first of these alleged errors is the court's striking of the testimony of one of the injured plaintiff's co-workers, who testified that he had observed an Acme Refrigeration truck parked near defendant Somma's store several hours after the accident occurred. Plaintiffs argue that this testimony was highly relevant circumstantial evidence tending to show that Somma had the refrigerator repaired almost immediately after the accident and, thus, was conscious of his own culpability. Plaintiff's contention is without merit. It is well settled as a matter of public policy that evidence of subsequent remedial measures is to be excluded when offered as an admission of negligence (*see, Weiner v Serps Auto Wreckers,* 24 NY2d 845; *Heyden v Gallagher Elevator Co.,* 94 AD2d 936; *Klatz v Armor Elevator Co.,* 93 AD2d 633).

Since the testimony was elicited during plaintiffs' direct case, they cannot claim that its purpose was to impeach or rebut later testimony of defendant Somma. Moreover, the stricken testimony hardly appears to be as highly probative as plaintiffs' claim, for, on cross-examination, the witness testified that he saw no one from the truck enter or leave Somma's beverage store. As such, the trial court properly struck the testimony concerning the truck's presence, as it was of questionable relevance and would require the jury to engage in impermissible speculation on the issue of whether a subsequent repair was in fact made.

Plaintiffs assert as a second error the court's exclusion of those *portions* of the hospital emergency room records which refer to plaintiff Rocco Di Paolo's statements, made at the time of his admission to the hospital, that he had received an electrical shock. They contend that such statements were admissible as

prior consistent statements to rebut defendant Somma's claim of recent fabrication. This argument is factually devoid of merit, for there is no claim of recent fabrication in this case. The Court of Appeals has stated that a recent fabrication "means * * * that the defense is charging the witness not with mistake or confusion, but with making up a false story well after the event" (*People v Singer,* 300 NY 120, 124). Defendant Somma did not attempt at trial to introduce any evidence suggesting that Mr. Di Paolo had changed his account of the manner in which he was injured at any time after the accident. In the absence of such a claim of recent fabrication, the prior consistent statements are clearly inadmissible hearsay which would only serve to improperly bolster Mr. Di Paolo's trial testimony (*see, Fishman v Scheuer,* 39 NY2d 502; *Crawford v Nilan,* 289 NY 444; *People v White,* 57 AD2d 669).

The final argument by plaintiffs is that the trial court improperly restricted their cross-examination of two defense witnesses with regard to the function and replacement of circuit breakers. We find that sufficient questioning on these topics was permitted by the court, and that such questioning was only restricted when the court reasonably feared that plaintiffs' cross-examination would lead into collateral matters which would confuse the jury while shedding no light on the issues.

The trial court has great discretion in supervising the scope and content of cross-examination during trial (*see, Feldsberg v Nitschke,* 49 NY2d 636, *rearg denied* 50 NY2d 1059). We do not discern any abuse of that discretion in this case. Accordingly, we affirm the judgment insofar as appealed from. Mollen, P. J., Lazer, Mangano and Brown, JJ., concur.