■ JOSE ELISEO GRANADOS, Appellant, v LINDA COX et al., Respondents. [840 NYS2d 427]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Lally, J.), dated April 14, 2006, which, upon an order of the same court dated October 19, 2005, granting the motion of the defendant Ford Credit Titling Trust, sued herein as Ford Credit Titling, Inc., and the separate motion of the defendant Linda Cox, for summary judgment dismissing the complaint insofar as asserted against each of them, is in favor of them and against him, dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs,

the motions for summary judgment dismissing the complaint are denied, the complaint is reinstated, and the order is modified accordingly.

The plaintiff allegedly sustained personal injuries when the bicycle he was riding was struck by a motor vehicle operated by the defendant Linda Cox, and owned by the defendant Ford Credit Titling Trust, sued herein as Ford Credit Titling, Inc. (hereinafter Ford Credit), at the intersection of Route 110 and Conklin Street in Farmingdale.

"The proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Here, the evidence submitted by Ford Credit raised triable issues of fact as to whether Cox's negligence constituted a proximate cause of the accident. Notably, the plaintiff's deposition testimony which Ford Credit submitted in support of its motion, indicated that when the plaintiff arrived at the subject intersection, the light was red, and he did not enter the intersection until the light turned green, approximately three minutes later. Ford Credit's failure to make the requisite showing required a denial of the motion, regardless of the sufficiency of the opposing papers (*id.*). In opposition to Cox's prima facie showing of her entitlement to judgment as a matter of law, the plaintiff's opposition papers raised a triable issue of fact (*see* CPLR 3212 [b]).

Cox's remaining contention is without merit. Schmidt, J.P., Rivera, Angiolillo and Balkin, JJ., concur.