■ ADRIANA McFADDEN et al., Respondents, v VILLAGE OF OSSINING, Appellant, et al., Defendant. (And Another Title.) [854 NYS2d 141]—

In a consolidated action to recover damages for personal injuries, etc., the defendant Village of Ossining appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered September 10, 2007, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion by the Village of Ossining for summary judgment dismissing the complaint insofar as asserted against it is granted.

The plaintiff Thelma McFadden was crossing South Highland Avenue in the appellant Village of Ossining, while holding her 14-month old granddaughter, the infant plaintiff Adriana McFadden, against her hip, when they were struck by a motor vehicle owned by Thomas P. Barone and operated by Shannon Davey. The plaintiffs maintain that the accident was proximately caused by negligence on the part of the Village in placing a sign in the middle of the roadway on South Highland Avenue, in the vicinity of the accident, warning motorists to "Yield to Pedestrians in Crosswalk," which led McFadden to believe that it was safe to cross at that location, even though no crosswalk was present at that location.

The evidence which the Village submitted in support of its motion for summary judgment dismissing the complaint insofar as asserted against it established its prima facie entitlement to judgment as a matter of law that any negligence on its part in the placement of the sign was not the proximate cause of the accident (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Granados v Cox*, 43 AD3d 391 [2007]). The evidence submitted by the Village established that Thelma McFadden simply chose to cross at the center of the roadway, near the Ossining Children's Center, which her granddaughter attended, a point where there was no crosswalk or traffic device affording her the right-of-way.

The affidavit submitted by the plaintiffs' engineering expert in opposition to the motion, concluding that the foregoing sign, which preceded the site of the accident, tended to confuse both pedestrians and drivers was speculative, conclusory, and failed to raise a triable issue of fact (*see Exime v Williams*, 45 AD3d 633, 634 [2007]). Further, the averment in the plaintiff's affidavit that she was confused by the sign in the middle of the roadway presented a feigned issue of fact (*see Nieves v JHH Transp., LLC*, 40 AD3d 1060 [2007]), since she testified at her deposition that she was not sure of the nature of the complaint which she allegedly made to the Village. Spolzino, J.P., Florio, Angiolillo and Dickerson, JJ., concur.