SYLVIA STOCK, Respondent, v OTIS ELEVATOR COMPANY, Defendant, and THYSSENKRUPP ELEVATOR COMPANY, Appellant. [861 NYS2d 722]—

In an action to recover damages for personal injuries, etc., the defendant ThyssenKrupp Elevator Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Pines, J.), dated June 25, 2007, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant ThyssenKrupp Elevator Company for summary judgment dismissing the complaint insofar as asserted against it is granted.

On September 3, 2001 the plaintiff's decedent Julius Stock (hereinafter the decedent), who was 79 years old, allegedly was caused to fall while he was exiting an elevator at the Gurwin Jewish-Fay J. Linder Residence (hereinafter the Linder Residence), when the elevator door closed on him. The defendant ThyssenKrupp Elevator Company (hereinafter the defendant) installed and maintained the elevators at the Linder Residence. The decedent died after this action was commenced, but before he could be deposed.

The defendant met its burden of establishing its prima facie entitlement to judgment as a matter of law by demonstrating that any determination as to how the accident occurred would be based on speculation (*see Lissauer v Shaarei Halacha, Inc.*, 37 AD3d 427 [2007]; *Manning v 6638 18th Ave. Realty Corp.*, 28 AD3d 434 [2006]; *Teplitskaya v 3096 Owners Corp.*, 289 AD2d 477 [2001]). The evidence submitted by the plaintiff in opposition was insufficient to raise a triable issue of fact. " 'Although hearsay evidence may be considered in opposition to a motion

for summary judgment, it is insufficient to bar summary judgment if it is the only evidence submitted' " (*Rodriguez v Sixth President,* 4 AD3d 406, 407 [2004], quoting *Arnold v New York City Hous. Auth.,* 296 AD2d 355, 356 [2002]).

The Supreme Court considered the plaintiff's deposition testimony in determining that a question of fact existed as to the cause of the decedent's accident. However, the plaintiff's testimony was based on speculation and hearsay since she admitted that she did not witness the accident and her testimony was based on information she received from the decedent (*see Hochhauser v Electric Ins. Co.,* 46 AD3d 174, 178 [2007]; *Rodriguez v Sixth President,* 4 AD3d at 406). The Supreme Court also relied on statements as to the cause of the accident contained in the accident report and the decedent's hospital records, but these items contained inadmissible hearsay and the plaintiff failed to lay the proper foundation for their admission as business records (*see* CPLR 4518 [a]; *Whitfield v City of New York,* 48 AD3d 798 [2008]; *Daliendo v Johnson,* 147 AD2d 312, 321 [1989]; *Di Paolo v Somma,* 111 AD2d 899, 900-901 [1985]). Further, the affidavit submitted by the plaintiff's elevator consultant in opposition to the motion, which was in part based on his personal observation of the elevator 11 months after the accident, was, among other things, impermissibly speculative and lacking in probative value (*see Amatulli v Delhi Constr. Corp.,* 77 NY2d 525, 533 [1991]; *McFadden v Village of Ossining,* 48 AD3d 761 [2008]). Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.

The parties' remaining contentions are without merit. Spolzino, J.P., Santucci, Eng and Leventhal, JJ., concur. [*See* 2007 NY Slip Op 31923(U).]