■ GLADYS ROLDAN, Appellant-Respondent, v NEW YORK UNIVERSITY et al., Defendants/Third-Party Plaintiffs-Respondents-Appellants, and MAINCO ELEVATOR & ELECTRICAL CORP., Respondent. AMERICAN BUILDING MAINTENANCE, Third-Party Defendant-Respondent. [916 NYS2d 162]—

In an action, inter alia, to recover damages for personal injuries, etc., the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), entered October 2, 2009, as granted those branches of the separate motions of the defendants/third-party plaintiffs and the defendant Mainco Elevator & Electric Corp. which were for summary judgment dismissing the complaint insofar as asserted against them, and the defendants/third-party plaintiffs separately appeal, as limited by their brief, from so much of the same order as (a) denied those branches of their motion which were for summary judgment on their cross claim for contractual indemnification against the defendant Mainco Elevator & Electrical Corp., to the extent it sought defense costs incurred by them in this action, and on their third-party causes of action alleging breach of contract to procure insurance and for contractual indemnification against the third-party defendant, to the extent they sought defense costs incurred by them in this action, (b) granted that branch of the motion of the defendant Mainco Elevator & Electric Corp. which was for summary judgment dismissing the cross claim for contractual indemnification to the extent it sought defense costs incurred

by them in this action, and (c) granted that branch of the motion of the third-party defendant which was for summary judgment dismissing the third-party causes of action alleging breach of contract to procure insurance and for contractual indemnification against the third-party defendant, to the extent they sought defense costs incurred by them in this action.

Ordered that the order is modified, on the law and the facts, by (1) deleting the provision thereof denying that branch of the motion of the defendants/third-party plaintiffs which was for summary judgment on their third-party causes of action alleging breach of contract to procure insurance and for contractual indemnification against the third-party defendant, to the extent they sought defense costs incurred by them in this action, and substituting therefor a provision granting that branch of the motion, and (2) deleting the provision thereof granting that branch of the motion of the third-party defendant which was for summary judgment dismissing the third-party causes of action alleging breach of contract to procure insurance and for contractual indemnification against the third-party defendant, to the extent they sought defense costs incurred by the defendants/third-party plaintiffs in this action, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that the defendants/third-party plaintiffs are awarded one bill of costs, payable by the plaintiff and the third-party defendant, and the defendant Mainco Elevator & Electrical Corp. is awarded one bill of costs, payable by the plaintiff.

On February 25, 2004, the plaintiff's decedent, Jose Roldan (hereafter the decedent), was loading garbage and other debris into a service freight elevator in the basement at premises owned by the defendants/third-party plaintiffs, New York University and New York University Real Estate Corporation (hereafter together the NYU defendants), pursuant to a cleaning services contract between the decedent's employer, the third-party defendant, American Building Maintenance (hereafter ABM), and the NYU defendants. After putting the final load into the freight elevator, the decedent rode the elevator alone with the garbage and debris up to the street, during which time he allegedly sustained injuries to his leg. The defendant Mainco Elevator & Electrical Corp. (hereafter Mainco), maintained the elevators at New York University pursuant to an elevator maintenance agreement. The decedent died before this action was commenced for reasons unrelated to the subject accident, and before he could be deposed.

The plaintiff's contention that the Supreme Court incorrectly granted those branches of the separate motions of the NYU defendants and Mainco which were for summary judgment dismissing the complaint insofar as asserted against them is without merit. The NYU defendants and Mainco met their burden of establishing their prima facie entitlement to judgment as a matter of law by demonstrating that any determination as to how the accident occurred would be based on speculation (*see Stock v Otis El. Co.*, 52 AD3d 816 [2008]; *Lissauer v Shaarei Halacha, Inc.*, 37 AD3d 427 [2007]; *Manning v 6638 18th Ave. Realty Corp.*, 28 AD3d 434, 434-435 [2006]; *Teplitskaya v 3096 Owners Corp.*, 289 AD2d 477, 477-478 [2001]). The evidence submitted by the plaintiff in opposition was insufficient to raise a triable issue of fact. "Although hearsay evidence may be considered in opposition to a motion for summary judgment, it is insufficient to bar summary judgment if it is the only evidence submitted" (*Stock v Otis El. Co.*, 52 AD3d at 816-817 [internal quotation marks omitted]).

The plaintiff, the decedent's widow, contends that her deposition testimony established that a question of fact existed as to the cause of the decedent's accident. However, her testimony was based on speculation and hearsay since she admitted that she did not witness the accident and her testimony was based on information she received from either the decedent or from her son who purportedly relayed to her what the decedent told him about how the accident occurred (*id.* at 817; *see Hochhauser v Electric Ins. Co.*, 46 AD3d 174, 178 [2007]; *Rodriguez v Sixth President*, 4 AD3d 406 [2004]). The plaintiff further relied upon statements as to the cause of the accident contained in the accident report and the decedent's Workers' Compensation file, but these items contained inadmissible hearsay and the plaintiff failed to lay the proper foundation for their admission as business records (CPLR 4518 [a]; *Stock v Otis El. Co.*, 52 AD3d at 817; *Whitfield v City of New York*, 48 AD3d 798, 799 [2008]; *Daliendo v Johnson*, 147 AD2d 312, 321 [1989]; *Di Paolo v Somma*, 111 AD2d 899, 900-901 [1985]). Further, the affidavit submitted by the plaintiff's elevator consultant in opposition to the motions, which was in part based on his personal observation of the elevator five years after the accident, was, among other things, impermissibly speculative and lacking in probative value (*see Amatulli v Delhi Constr. Corp.*, 77 NY2d 525, 533 [1991]; *Stock v Otis El. Co.*, 52 AD3d at 817; *McFadden v Village of Ossining*, 48 AD3d 761, 762 [2008]).

Moreover, the Supreme Court properly ruled that the plaintiff could not rely on the doctrine of res ipsa loquitur, as the plaintiff

failed to demonstrate that either the NYU defendants or Mainco had exclusive control of the elevator, that the accident was one that would not ordinarily occur in the absence of one's negligence, or that the accident was not due to any voluntary action or contribution on the part of the decedent (*see Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226-227 [1986]; *Cilinger v Arditi Realty Corp.*, 77 AD3d 880 [2010]; *Cortes v Central El., Inc.*, 45 AD3d 323, 324 [2007]; *Hardy v Lojan Realty Corp.*, 303 AD2d 457 [2003]).

Accordingly, the Supreme Court properly granted those branches of the separate motions of the NYU defendants and Mainco which were for summary judgment dismissing the complaint insofar as asserted against them.

The NYU defendants contend that the Supreme Court erred in denying that branch of their motion which was for summary judgment in their favor on their third-party causes of action alleging breach of contract to procure insurance and for contractual indemnification against ABM, to the extent they sought defense costs incurred by them in this action, and in granting that branch of ABM's motion which was for summary judgment dismissing those causes of action. We agree.

The right to contractual indemnification depends upon the specific language of the contract (*see e.g. Canela v TLH 140 Perry St., LLC*, 47 AD3d 743, 744 [2008]). The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances (*see Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491-492 [1989]). The express language of the subject indemnification agreement specifically obligates ABM to indemnify the NYU defendants from all claims "caused by, resulting from, arising out of or occurring in connection with the performance of the work or services specified" in the cleaning services agreement. This also included an obligation by ABM to pay the NYU defendants for any defense costs they may incur in such claims. Here, the NYU defendants met their burden of demonstrating entitlement to judgment as a matter of law that the subject accident arose out of or occurring in connection with the performance of the cleaning services agreement. In response, ABM failed to raise a triable issue of fact. While the exact circumstances of how the accident happened are unknown, what is known is that the decedent was performing janitorial services under the subject contract when he was injured inside the elevator. Accordingly, the Supreme Court should have granted that branch of the NYU defendants' motion which was for summary judgment on so much of their third-

party cause of action for contractual indemnification which was for defense costs, and denied that branch of ABM's motion which was for summary judgment dismissing so much of that cause of action (*see Brown v Two Exch. Plaza Partners*, 76 NY2d 172 [1990]; *Baginski v Queen Grand Realty, LLC*, 68 AD3d 905 [2009]).

Further, the NYU defendants demonstrated their prima facie entitlement to judgment as a matter of law on their third-party cause of action alleging breach of contract to procure insurance against ABM. Although ABM obtained a commercial general liability policy naming the NYU defendants as additional insureds, it failed to procure the specific coverage required under the insurance provisions of the subject cleaning services contract. ABM obtained a policy that was subject to a $1 million self-insured retention, when it was required to obtain a $2 million policy that was primary to the NYU defendants' own policy (*see Guercio v Hertz Corp.*, 40 NY2d 680 [1976]; *Lima v NAB Constr. Corp.*, 59 AD3d 395, 397 [2009]). In opposition to the NYU defendants' prima facie showing, ABM failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the NYU defendants' motion which was for summary judgment on their third-party cause of action alleging breach of contract to procure insurance, and denied that branch of ABM's motion which was for summary judgment dismissing that cause of action.

The parties' remaining contentions are without merit. Rivera, J.P., Leventhal, Sgroi and Miller, JJ., concur. **[Prior Case History: 2009 NY Slip Op 32399(U).]**